BURKHARD v. O'BRIEN.

1. APPEAL AND ERROR—INCONSISTENT CLAIMS—QUESTIONS OPEN TO REVIEW.

In a suit to quiet title, defendant's claim in his cross-bill "that he has a good, valid, and legal claim," praying "that plaintiff's bill be dismissed, and that an order and decree be entered confirming defendant's title, and decreeing that plaintiff has no right, title, or interest therein," is inconsistent with his claim on appeal that plaintiff's only remedy is ejectment.

2. ADVERSE POSSESSION—EVIDENCE—SUFFICIENCY.

Evidence *held*, insufficient to establish title in defendant by adverse possession.

Appeal from Berrien; Bridgman, J. Submitted October 16, 1918. (Docket No. 65.) Decided December 27, 1918.

Bill by Frank J. Burkhard against Michael O'Brien to quiet title to land. Defendant filed a cross-bill asking affirmative relief. From a decree for plaintiff, defendant appeals. Affirmed.

*Rolland E. Barr*, for plaintiff.

*Wilbur N. Burns* (*O. W. Coolidge*, of counsel), for defendant.

MOORE, J. The bill of complaint in this case was filed to quiet title to lots 1 and 2 in Fulton's addition to the village of Buchanan. The plat of said addition was executed on November 10, 1866, and covers lots numbered from 1 to 58 inclusive. It was properly recorded. The record title to lots 1 and 2 is in the plaintiff.

The defendant, Michael O'Brien, answered fully the averments of the bill of complaint, and asserted title

in defendant by adverse possession. The answer ends as follows:

"Answering the 13th and 14th paragraphs of the plaintiff's bill of complaint, defendant says that he has a good valid and legal claim and that he is entitled to said premises free and clear from any claims or pretended claims of the plaintiff and therefore the defendant asks the benefit of a cross-bill and prays that the plaintiff's bill of complaint be dismissed and that an order and decree be entered in this cause confirming the said defendant's title to lots 1 and 2 and decreeing that the said plaintiff has no right, title or interest therein."

The case was tried upon its merits in open court. From a decree in favor of the plaintiff the case is brought here by appeal.

Counsel contend that under the facts disclosed by the record a bill to quiet title cannot be maintained and that an action of ejectment is the only remedy. Counsel for the appellee says this contention was not mentioned before the trial court. An examination of the record does not show it was, indeed the prayer of the defendant's answer asking for affirmative relief is inconsistent with the claim.

The only remaining question requiring consideration is, Did defendant show title by adverse possession? The doctrine of title by adverse possession has been before this court many times. Some of the cases are *Yelverton* v. *Steele,* 40 Mich. 541; *Paldi* v. *Paldi,* 95 Mich. 410, and *Simons* v. *McCormick,* 202 Mich. 485. The testimony offered in behalf of the defendant, especially that of his tenant, did not show such actual hostile and continued possession as is required to establish title by adverse possession.

The decree of the lower court is affirmed, with costs in favor of the plaintiff.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.