WESTERN & SOUTHERN LIFE INS. CO. *v.* BRANA.

1. INSURANCE—FRAUD—DEFENSE AT LAW.
   In suit by insurer under life insurance policy to cancel policy and restrain action at law thereunder by beneficiary, fraud, if any, *held,* defense to action at law.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—EQUITY.
   Decision as to whether or not insurer, after pleading and joining issue, with special notice of defense of fraud, may file bill to cancel policy on that ground *held,* unnecessary in view of plaintiff's prayer for affirmative relief by way of money decree for amount of policy.

3. EQUITY—JURISDICTION—AFFIRMATIVE RELIEF.
   Defendant who prays affirmative relief in equity submits to jurisdiction of that court.

4. CANCELLATION OF INSTRUMENTS—INSURANCE—EVIDENCE.
   In insurer's action to cancel policy of life insurance after death of 43-year old insured within less than nine months after issuance of the policy, evidence *held,* sufficient to justify decree for plaintiff on ground of fraudulent representations made in application. .

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted January 14, 1936. (Docket No. 51, Calendar No. 38,676.)    Decided March 2, 1936.

Bill by Western & Southern Life Insurance Company, an Ohio corporation, against Cornelia Brana to cancel a life insurance policy and to restrain action at law. Decree for plaintiff. Defendant appeals. Affirmed.

*Bodman, Longley, Bogle, Middleton & Farley,* for plaintiff.

*LeRoy Payne,* for defendant.

WIEST, J. Plaintiff insurance company filed the bill herein to cancel an insurance policy on the life of John Brana and restrain a pending action at law thereon by the beneficiary on the ground that the policy was procured by false and fraudulent representations.

The court found the material allegations of the bill to be true, canceled the policy, enjoined the action at law, and ordered the premiums paid to be set off against costs. Review is by defendant.

Before answering, defendant moved to dismiss the bill on the ground that an action at law on the policy was pending in the same court, with identical issues of fraud framed therein by answer of the insurance company, and adequate remedy in case of fraudulent representations. This motion was denied and defendant put to answer. Answer was filed and, at the hearing, the motion was renewed, again denied and is here presented. Fraud, if any, was a defense in the action at law.

Could the insurer, after pleading and joining issue, with special notice of that defense, file the bill herein on the very grounds pleaded in that action? The question is interesting but not necessary to be decided because the defendant in the suit at bar not only made answer to the allegations in the bill but, by way of affirmative relief, asked to be awarded the amount of the policy with interest.

Defendant lost no rights by merely answering to the merits of the bill but when she invoked the jurisdiction of the court to award her affirmative relief she became an actor in the suit and submitted to the jurisdiction as a cross-plaintiff.

In the application for the policy Mr. Brana represented that he was in sound health, had no impairment, disease or physical defect of any kind;

had not been attended by a physician in three years; never had a serious illness; had had no medical or other treatment in a hospital or sanitàrium; had no disease of the liver, no jaundice, cancer or tumor, and did not partake of malt liquors, whisky or wine.

The policy was issued in May, 1932, and Mr. Brana died February 3, 1933.

Plaintiff claims that at the time of making the application Mr. Brana was suffering serious diseases and illnesses, including cirrhosis of the liver, alcoholism, jaundice, anasarca, anemia and carcinoma of the pancreas. It would be of no benefit to make an extended review of the evidence. The evidence has been examined and found to establish that some of the representations made in the application were untrue and known to be such by the insured.

Mrs. Brana, the beneficiary and defendant, testified:

"My husband drank sometimes. He came home drunk sometimes, not once a week."

Mr. Brana was 43 years of age and the immediate cause of his death was apparently cirrhosis of the liver, probably alcoholic.

Soon after he made the application he was unwell and physicians who served him testified to statements he made of ailments long preceding the application for the policy.

The decree is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.