### SLAGGERT *v.* CASE.

1. Commerce—Intrastate—Restraint of Trade.

Since wares and merchandise shipped into a State for local sale and sold therein, are in the course of intrastate commerce, Federal act invalidating contracts in restraint of trade does not apply to 15-year restriction against purchase of petroleum products from others than plaintiff (38 Stat. at L. 731).

2. Vendor and Purchaser—Gasoline Stations—Breach of Contract—Installation of Pumps.

Claim that plaintiff vendor first breached contract for sale of gasoline station by refusing to install gasoline pumps when requested *held*, without merit where contract does not require plaintiff to do so.

3. Same—Gasoline Stations—Breach of Contract—Refusal of Tender—Deeds.

Where land contract relative to sale of gasoline station contained a valid restriction against purchase of petroleum products from others than plaintiff vendor, plaintiff did not breach the contract by refusing defendants' tender which was accompanied by a demand for a deed free from such restriction.

4. Equity—Jurisdiction—Rescission—Affirmative Relief.

Defendants may not challenge equity jurisdiction at suit of vendors, seeking to rescind land contract, on the ground that

plaintiffs have a full and adequate remedy at law where defendants not only answered plaintiffs' bill but also prayed for affirmative relief.

5. SAME—RESCISSION—FAILURE OF PERFORMANCE IN A SUBSTANTIAL PART.

    A court of equity will take jurisdiction and decree a rescission when there is a failure to perform a substantial part of the contract or. one of its essential items, or when the contract would not have been made if default in that particular had been expected or contemplated.

Appeal from Mason; Neal (Max E.), J. Submitted June 3, 1947. (Docket No. 15, Calendar No. 43,658.) Decided October 13, 1947.

Bill by George L. Slaggert and another against Lawrence A. Case and others to rescind a land contract for the sale of a gasoline station. Decree for plaintiffs. Defendants appeal. Affirmed.

*Eugene Christman* and *Alfred N. Slaggert,* for plaintiffs.

*Campbell & Campbell,* for defendants.

DETHMERS, J. Plaintiffs entered into a written agreement to sell a gasoline station to defendants Lawrence A. and Elinor Case. By its terms these defendants agreed to be restricted for 15 years to the purchase exclusively from plaintiffs of all petroleum products sold on the premises. Some months later the Cases tendered payment of the balance of the purchase price then due to plaintiffs and demanded a deed free from the 15-year restriction. Plaintiffs refused the tender and filed a bill in chancery praying that the agreement be cancelled and rescinded upon repayment by them to the Cases of all sums received by them on the agreement, less

such an amount as found by the court to represent the reasonable value of the use of the premises enjoyed by the Cases. The bill charges the Cases with non-performance and breach of the agreement in certain particulars, including refusal to be bound by the above-mentioned restriction. Defendants filed an answer praying that the restriction be decreed to be without force and effect and that plaintiffs be required to convey title to the Cases without the restriction. From decree for plaintiffs the defendants appeal.

Defendants contend that the restriction relates to interstate commerce, is in restraint of trade and violates 38 Stat. at L. 731 (15 USCA, § 14). Plaintiff George Slaggert purchased petroleum products from the Shell Oil Company, which shipped them from Illinois and delivered them to him in Michigan. He thereafter sold and delivered such products to a number of service stations in Michigan, including the one here involved. In *Montgomery Ward & Co.* v. *Fry,* 277 Mich. 260, 265, we said:

"Wares and merchandise, shipped into a State for local sale and sold therein, are in the course of intrastate commerce."

After the goods have been delivered from another State into this State to a purchaser, the subsequent resale thereof by the latter in this State is not in the course of interstate commerce. *Atlantic Coast Line R. Co.* v. *Standard Oil Co. of Kentucky,* 275 U. S. 257 (48 Sup. Ct. 107, 72 L. Ed. 270) ; *Public Utilities Commission for the State of Kansas* v. *Landon,* 249 U. S. 236 (39 Sup. Ct. 268, 63 L. Ed. 577). The sale of petroleum products by Slaggert to the Cases was in the course of intrastate commerce, leaving the Federal act inapplicable and the restriction valid

insofar as the issues raised on this appeal are concerned.

It is defendants' further contention that plaintiffs first breached the contract and can not, therefore, be heard to complain of nonperformance by defendants. One such breach alleged by defendants relates to plaintiffs' failure to install gasoline pumps when requested. The written agreement does not so require, nor do the provisions of an unsigned land contract which defendants admit embodies the terms agreed upon.

Defendants also point to plaintiffs' refusal of defendants' tender and failure to furnish a deed free from the restriction as constituting a breach. In holding the restriction valid we, at the same time, hold defendants' tender, conditioned upon receipt of a deed without the restriction, ineffectual for any purpose. Plaintiffs were within their rights in refusing such tender.

Finally defendants contend that plaintiffs have a full and adequate remedy at law and that a court of equity is, therefore, without jurisdiction. Defendants not only answered plaintiffs' bill but prayed for affirmative relief. Having thus invoked the jurisdiction of the court defendants may not now, on appeal, challenge that jurisdiction on the ground asserted. *Western & Southern Life Ins. Co. v. Brana,* 275 Mich. 19; *Burkhard* v. *O'Brien,* 204 Mich. 114. As authority for the proposition that a court of equity will take jurisdiction and decree a rescission when there is a failure to perform a substantial part of the contract or one of its essential items, or when the contract would not have been made if default in that particular had been expected or contemplated, see *Rosenthal* v. *Triangle Development Co.,* 261 Mich. 462; *City of Grand*

*Haven* v. *Grand Haven Waterworks,* 99 Mich. 106; *Dysarz* v. *Mack,* 245 Mich. 9.

Decree affirmed, with costs to plaintiffs.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred with DETHMERS, J. BUSHNELL, J., concurred in the result.