KAY PETROLEUM CORPORATION v. LOUIS PIERGROSSI ET AL.

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 83228

Memorandum filed July 17, 1950

Robert L. Krechevsky, of Hartford, for the Plaintiff.

Leo V. Gaffney, of New Britain, for the Defendants.

MURPHY, J. On May 31, 1947, the plaintiff entered into a written contract with the defendants and one Reynolds under which the plaintiff agreed to sell and the defendants agreed to buy the entire gasoline requirements of a gas station owned by the defendants in Plainville for a period of five years. In addition, the defendants agreed to buy their entire requirements of motor oil, greases and petroleum products from the plaintiff though the contract is silent as to any obligation upon the plaintiff to supply them.

The defendants breached the contract on September 1, 1948, when they changed over to another brand of gasoline. They offered no evidence but rely upon their defenses of lack of consideration and the claim that the contract is in restraint of trade and violates § 3 of the Clayton Act.

There is no lack of consideration. The mutual promises to buy and sell are sufficient. *Finlay* v. *Swirsky*, 103 Conn. 624, 631.

Section 3 of the Clayton Act (38 Stat. 731, 15 U. S. C. § 14) makes unlawful any contract for the sale of goods and other commodities where competitors are excluded or where competition is substantially lessened or tends to create a monopoly.

The defendants rely upon *Standard Oil Co. of California* v. *United States*, 337 U. S. 293, in which the Supreme Court affirmed the District Court in holding that the contracts for the sale of the company's products to dealers in California violated § 3 of the act because the dealers were restricted to the sale of such products exclusively. It was held also that the contracts lessened competition in interstate commerce although the parties were local firms and most of the products were produced in the state.

No evidence was presented to show that interstate commerce was in any way involved in the case at bar. While it could safely be assumed that the plaintiff's products came from without the state that fact alone would be insufficient to hold the contract invalid under the act. The section does not apply to a contract of sale made and performed in the same state, even

though the gasoline involved in the contract was brought to the plaintiff oil company's place of business by interstate commerce. *Slaggert* v. *Case*, 319 Mich. 200; *Quincy Oil Co.* v. *Sylvester*, 238 Mass. 95.

The plaintiff sold its products to the defendants' station from September 11, 1947, through August 31, 1948. Its net profit on these sales was $806.57. When breached, the contract had three years and nine months to run. The plaintiff is entitled to recover for the loss of its future profits. Past experience may be used as a basis for ascertaining the loss. *Stanton* v. *New York & E. R. Co.*, 59 Conn. 272, 283; *Maguire* v. *Kiesel*, 86 Conn. 453, 461; *Home Pattern Co.* v. *Mertz Co.*, 86 Conn. 494, 504; *Kastner* v. *Beacon Oil Co.* 114 Conn. 190, 194.

Judgment for the plaintiff to recover damages of $3025.