# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.

Reporter of Decisions:
Corbin R. Davis

WAYNE COUNTY EMPLOYEES RETIREMENT SYSTEM v WAYNE CHARTER COUNTY

Docket No. 147296.  Argued October 8, 2014 (Calendar No. 8).  Decided December 18, 2014.

The Wayne County Employees Retirement System and the Wayne County Retirement Commission brought an action in the Wayne Circuit Court against Wayne Charter County and the Wayne County Board of Commissioners, alleging that a county ordinance defendants enacted in 2010 concerning the retirement system, Wayne County Enrolled Ordinance No. 2010-514, violated Const 1963, art 9, § 24 and the Public Employment Retirement System Investment Act (PERSIA), MCL 38.1132 *et seq*.  The ordinance placed a $12 million limit on the balance of the retirement system's reserve for inflation equity known as the Inflation Equity Fund (IEF), which was funded by investment earnings on pension assets.  The ordinance also placed a $5 million limit on a discretionary distribution of money from the IEF known as the "13th check," which had been made annually in varying amounts to eligible retirees and survivor beneficiaries to help fight the effects of inflation.  The ordinance required any amount in the IEF exceeding the $12 million cap to be debited from the IEF and credited to the assets of the defined benefit plan, where it would be used to offset or reduce the annual required contribution (ARC) that the county was required to make to the defined benefit plan under Const 1963, art 9, § 24.  The county filed a counterclaim alleging, among other things, that the retirement commission had violated its fiduciary duties by mismanaging the retirement system's assets.  The court, Michael F. Sapala, J., granted defendants' motion for summary disposition regarding plaintiffs' constitutional and statutory objections to the ordinance, and plaintiffs appealed.  The court granted summary disposition in favor of plaintiffs on the fiduciary-duty count of the county's counterclaim, and the county cross-appealed.  The Court of Appeals, MURPHY, C.J., and O'CONNELL and BECKERING, JJ., reversed, holding that the transfer of funds from the IEF and the offset against the county's ARC obligation violated the requirement in MCL 38.1133(6) that the funds be for the exclusive benefit of the retirement system's participants and their beneficiaries and that the county had used the IEF funds in violation of the prohibited transaction rule set forth in MCL 38.1133(6)(c). 301 Mich App 1.  Defendants appealed.

In a unanimous opinion per curiam, the Supreme Court *held*:

1.  The Court of Appeals correctly held that the $32 million offset against the county's ARC violated PERSIA for the reasons stated in the Court of Appeals opinion.  The county must

satisfy its ARC obligations absent consideration of that $32 million, and the transferred funds must be returned to the IEF.  The $12 million limitation on the IEF can operate prospectively.

2.  The portion of the Court of Appeals opinion concluding that the intrasystem transfer of retirement system assets would violate PERSIA without the corresponding offset to the ARC was vacated, as were the portions of the opinion discussing the constitutional implications of the amended ordinance in relation to Const 1963, art 9, § 24 and the determination that the transferred funds, once returned to the IEF, must be used only for the purposes of that fund.  The Court of Appeals' rulings that were not challenged in the Supreme Court were left intact.

Court of Appeals decision affirmed in part and vacated in part; case remanded to the trial court for further proceedings.

©2014 State of Michigan

# Opinion

| Chief Justice: | Justices: |
| --- | --- |
| Robert P. Young, Jr. | Michael F. Cavanagh |
| | Stephen J. Markman |
| | Mary Beth Kelly |
| | Brian K. Zahra |
| | Bridget M. McCormack |
| | David F. Viviano |

FILED DECEMBER 18, 2014

STATE OF MICHIGAN

SUPREME COURT

WAYNE COUNTY EMPLOYEES
RETIREMENT SYSTEM and WAYNE
COUNTY RETIREMENT COMMISSION,

        Plaintiffs/Counterdefendants-
        Appellees,

v                                No. 147296

CHARTER COUNTY OF WAYNE,

        Defendant/Counterplaintiff-
        Appellant,

and

WAYNE COUNTY BOARD OF
COMMISSIONERS,

        Defendant-Appellant.

BEFORE THE ENTIRE BENCH

PER CURIAM.

The Wayne County Employees Retirement System ("retirement system") was

established in 1944 "for the purpose of providing retirement income to eligible

employees and survivor benefits." Wayne County Charter § 6.111. Currently, the retirement system consists of five defined benefit plans, one defined contribution plan, and the Inflation Equity Fund (IEF). Each year, the county is required by Const 1963, art 9, § 24, to make an "annual required contribution" (ARC). An annual actuarial valuation determines the ARC amount. MCL 38.1140m.

The IEF was created in 1985 by county ordinance to provide a pool of money for discretionary payments to eligible retirement system participants and beneficiaries in addition to those payments required by the pension system, as a method to counteract the effect of inflation. Payments from the IEF are known as the "13th check." The IEF is funded by investment profits earned on the assets held in the defined benefit plans and the IEF, to the extent those profits exceed a certain rate of return.

In 2010, Wayne County faced a substantial fiscal obligation in order to satisfy its actuarially determined ARC. In order to satisfy its ARC obligation, the county passed an ordinance amendment, Wayne County Code of Ordinances (WCCO), §§ 141-32 and 141-36, as amended by Wayne County Enrolled Ordinance No. 2010-514. As is relevant here, the amended ordinance limited the IEF to a maximum balance of $12 million, and directed that IEF funds exceeding that amount be transferred to the retirement system's defined benefit plans. Because the IEF balance at the time was significantly greater than $12 million, the ordinance resulted in a transfer of $32 million from the IEF into the defined benefit plans. The amended ordinance further permitted the county to use the $32 million transfer from the IEF to the defined benefit plans as an offset against its ARC obligation.

The retirement system challenged the 2010 ordinance amendment, claiming, *inter alia*, that the transfer and corresponding ARC offset violated Const 1963, art 9, § 24, and various provisions of the Public Employee Retirement Systems Investment Act (PERSIA), MCL 38.1132 *et seq*. The county moved for summary disposition, which the trial court granted, ruling that the IEF did not amount to an "accrued financial benefit" as considered in Const 1963, art 9, § 24, and that the amended ordinance's transfer and offset did not violate PERSIA.

The Court of Appeals reversed the trial court, holding that the transfer of funds from the IEF and offset against the county's ARC obligation violated the requirement in MCL 38.1133(6) that the funds be for the "exclusive benefit" of the retirement system's participants and their beneficiaries and that the county used the IEF funds in violation of the "prohibited transaction rule," MCL 38.1133(6)(c).[1] *Wayne Co Employees Retirement Sys v Wayne Co*, 301 Mich App 1; 836 NW2d 279 (2013).

---

[1] When the complaint in this case was filed, MCL 38.1133(6) stated in relevant part:

> The system shall be a separate and distinct trust fund and the assets of the system shall be for the exclusive benefit of the participants and their beneficiaries and of defraying reasonable expenses of investing the assets of the system. With respect to a system, an investment fiduciary shall not cause the system to engage in a transaction if he or she knows or should know that the transaction is any of the following, either directly or indirectly:
>
> * * *
>
> (c) A transfer to, or use by or for the benefit of, the political subdivision sponsoring the system of any assets of the system for less than adequate consideration. . . .

PERSIA was recently amended, effective March 28, 2013. 2012 PA 347. As amended, the relevant portions of the statute are found in MCL 38.1133(8). However, because the

3

We affirm the Court of Appeals in part. Except as noted later in this opinion, we agree with the Court of Appeals that, in this case, the transfer of funds from the IEF to the retirement system's defined benefit plans, coupled with the offset against the county's ARC obligation, violated PERSIA for the reasons stated in the Court of Appeals opinion. *Id*. at 30-46 (finding a violation of the "exclusive benefit rule" in MCL 38.1133(6)), and *id*. at 46-48 (finding a violation of the "prohibited transaction rule" in MCL 38.1133(6)(c)). Accordingly, we affirm the Court of Appeals' holding that the $32 million that was offset against the county's ARC violates PERSIA, and the county must satisfy its ARC obligations absent consideration of that $32 million. *Id*. at 52.

However, we also vacate two aspects of the Court of Appeals opinion. First, we vacate footnote 29 and corresponding portions of the Court of Appeals opinion in which the panel reasoned that, because the transfer of IEF funds, even without a corresponding offset to the county's ARC, would violate PERSIA, the transferred funds must be returned to the IEF account and used "for the purpose intended." See *Wayne Co Retirement Sys*, 301 Mich App at 51 n 29. Although the county raised the theory that the transfer of IEF funds without an offset is valid under PERSIA in Count II of its counterclaim, the trial court did not rule on this alternative claim because it ruled that the county's ordinance was "legal as written." It was therefore unnecessary for the Court of Appeals to rule on this issue, and since this issue received only cursory treatment by the parties in the Court of Appeals, the preferable course would have been to remand for

current complaint was filed before the effective date of the amendments, we refer to the preamendment version of PERSIA.

4

further proceedings on this claim. The Court of Appeals nonetheless addressed the matter, and although we invited further development of it in this Court, the county failed to pursue it in its brief and at oral arguments, instead taking the position that the presence of the corresponding offset had no bearing on the validity of the transfer under PERSIA. The county's abandonment of the issue on appeal has rendered it unnecessary, and has left us ill equipped to address the merits of whether the amended ordinance's transfer would be permissible under PERSIA without the corresponding offset. Accordingly, we express no opinion on the issue of whether the intrasystem transfer of retirement system assets without a corresponding offset to the plan sponsor's ARC violates PERSIA, and leave that question open for another day. Nonetheless, because the county has abandoned this issue in the instant case, we leave in place the Court of Appeals' determination that the transferred funds must be returned to the IEF. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow."); *Horetski v American Sandblast Co*, 340 Mich 323, 327; 65 NW2d 702 (1954).

Thus, while we vacate footnote 29 in its entirety, to the extent that the remedy fashioned by the Court of Appeals was based on its conclusion that the transfer even without an offset violates PERSIA, we leave its remedy intact for purposes of this case because, as stated above, the county abandoned its argument that the transfer without the offset does not violate PERSIA. Accordingly, we affirm the Court of Appeals' holding that "the $32 million that was offset against the county's ARC [must] be[] returned, restored, or credited to the IEF, with the county being required to satisfy its ARC obligations absent consideration of that $32 million." *Wayne Co Retirement Sys*, 301

5

Mich App at 52. Additionally, we affirm the Court of Appeals' conclusion that "the $12 million IEF limitation can operate prospectively" and that

> [a] proper prospective application of the $12 million IEF limitation would entail limiting future funding of the IEF until it dropped below $12 million, which is exactly how WCCO, § 141-32(b)(1), operates and is presently structured, where it provides the formula for annual funding of the IEF, subject to the $12 million IEF balance limit. Accordingly, WCCO, § 141-32(b)(1), remains wholly intact and WCCO, § 141-32(a)—the provision setting forth the $12 million IEF limit—also remains in effect, but with the caveat that the limit is inapplicable in regard to the previously existing $44 million (or $32 million excess) until those IEF assets are first reduced down to $12 million. With respect to the $5 million dollar IEF distribution limit found in WCCO, § 141-32(b)(2), it is already prospective in nature, operating to limit disbursements made after the 2010 ordinance became effective. [*Id*. at 52-53 (footnote omitted).][2]

Second, we vacate the portions of the Court of Appeals opinion discussing the constitutional implications of the amended ordinance in relation to Const 1963, art 9, § 24. As the Court of Appeals expressly acknowledged, it is not necessary to consider any potential constitutional implications of the amended ordinance because this case can be decided by applying PERSIA alone. See *Wayne Co Retirement Sys*, 301 Mich App at 35 n 23. Because "questions of constitutionality are not decided where a case may be disposed of without such a determination," *MacLean v Mich State Bd of Control for Vocational Ed*, 294 Mich 45, 50; 292 NW 662 (1940) (citation omitted), the Court of

---

[2] In keeping with our decision to leave open the question whether the mere transfer of retirement assets without a corresponding offset to a plan sponsor's ARC violates PERSIA, nothing in our decision to affirm the Court of Appeals remedy in this case should be read as necessarily allowing or precluding any municipality, including the county, from enacting an ordinance that directs the intrasystem movement of system assets. As stated within, we decline to determine whether, or under what conditions, such a transfer is permissible under PERSIA.

6

Appeals' analysis of the issue is dicta. Accordingly, we vacate as unnecessary all portions of the Court of Appeals opinion that considered whether the IEF benefits constitute "accrued financial benefits" for purposes of Const 1963, art 9, § 24, including all discussion of "group" accrued benefits.

In summary, we affirm the portions of the Court of Appeals opinion holding that the transfer of $32 million from the IEF to the retirement system's defined benefit plans and corresponding offset against the county's ARC obligation in this case violated PERSIA for the reasons stated in the Court of Appeals opinion. We likewise affirm the Court of Appeals' determination that the transferred funds must be returned to the IEF. However, we vacate as beyond the scope of the instant appeal the reasoning underlying that determination—namely, the portions of the Court of Appeals opinion concluding that the transfer at issue would violate PERSIA without the corresponding offset against the county's ARC obligation, and the determination that the transferred funds, once returned to the IEF, must be used only for the purposes of that fund going forward. The net effect of our decision is that the issue whether the transfer without a corresponding offset violates PERSIA remains an open one, but the remedy fashioned by the Court of Appeals in this case is left undisturbed for purposes of this case. Finally, we vacate as unnecessary the portions of the Court of Appeals opinion discussing the constitutional

7

implications of the amended ordinance in relation to Const 1963, art 9, § 24.[3]  We remand to the trial court for proceedings and entry of judgment not inconsistent with this opinion.

Robert P. Young, Jr.
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

---

[3] The Court of Appeals also ruled on the validity of a number of other aspects of the amended ordinance; these rulings have not been challenged before this Court, and thus remain intact.