# STATE OF MICHIGAN

# COURT OF APPEALS

CITY OF MONROE,

      Petitioner-Appellant,

v

RICHARD JANSSENS,

      Respondent-Appellee.

UNPUBLISHED
May 9, 2017

No. 329527
Tax Tribunal
LC No. 00-456148

Before: WILDER, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

Petitioner appeals by right the order of the Michigan Tax Tribunal ("the Tribunal") granting summary disposition in favor of respondent for lack of subject-matter jurisdiction over petitioner's appeal. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The facts in this matter are not in dispute. Petitioner filed a petition with the State Tax Commission (STC) pursuant to MCL 211.154[1] of the General Property Tax Act, MCL 211.1 *et seq.*, requesting that it correct the assessments for approximately 78 acres of land in Monroe, Michigan (the property), for tax years 2009, 2010, and 2011. The property had previously been classified as exempt from taxation under MCL 211.7s[2] due to its ownership by a religious society, but petitioner alleged that the exemption no longer applied because respondent, the lessee of the property, was farming the property as part of a for-profit farming business. In May

---

[1] As discussed later in this opinion, MCL 211.154 allows the STC to correct the assessments for taxable property that have been "incorrectly reported or omitted" from previous tax years.

[2] MCL 211.7s provides, "Houses of public worship, with the land on which they stand, the furniture therein and all rights in the pews, and any parsonage owned by a religious society of this state and occupied as a parsonage are exempt from taxation under this act. Houses of public worship include buildings or other facilities owned by a religious society and used predominantly for religious services or for teaching the religious truths and beliefs of the society."

2013, the STC dismissed the petition because the property had since been sold, stating that the change of ownership prevented petitioner from pursuing the proposed changes to the property's designation as exempt property. Petitioner appealed that decision to the Tribunal in a petition filed pursuant to MCL 211.154(7) ("A person to whom property is assessed under this section may appeal the state tax commission's order to the Michigan tax tribunal."). Petitioner thereafter moved for summary disposition under MCR 2.116(C)(9) and (10). The Tribunal denied petitioner's motion and instead ruled that respondent was entitled to judgment in his favor under MCR 2.116(I)(2) because the Tribunal did not have jurisdiction to hear petitioner's appeal pursuant to MCL 211.154(7). This appeal followed.

## II. STANDARD OF REVIEW

Where fraud is not claimed, this Court reviews the Tribunal's decision for misapplication of the law or adoption of a wrong principle. *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010). "But when statutory interpretation is involved, this Court reviews the Tax Tribunal's decision de novo." *Id*. Likewise, whether the Tribunal had jurisdiction over petitioner's appeal is a question of law that we review de novo. *Trostel, Ltd v Dep't of Treasury*, 269 Mich App 433, 440; 713 NW2d 279 (2006). "The constitutionality of a statute is a question of law that is reviewed de novo." See *Phillips v Mirac, Inc*, 470 Mich 415, 422; 685 NW2d 174 (2004).

## III. SUBJECT-MATTER JURISDICTION

Petitioner argues that the Tribunal erred by determining that MCL 211.154(7) did not provide it with the jurisdiction to hear petitioner's appeal. We disagree.

Petitioner does not dispute that it relied on MCL 211.154(7) in appealing the STC's decision to the Tribunal. That subsection provides that "[a] person to whom property is assessed under [MCL 211.154] may appeal the state tax commission's order to the Michigan tax tribunal." Petitioner challenges the Tribunal's interpretation and application of MCL 211.154(7) as permitting only an aggrieved taxpayer, and not an assessing or taxing authority, to appeal the decision of the STC regarding the correction of an assessment under MCL 211.154. Petitioner argues that MCL 211.154(7) should be read in harmony with MCL 205.735a(6) (which provides general rules for invoking the Tribunal's jurisdiction in "an assessment dispute") to afford it a similar right to appeal a decision of the STC to the Tribunal. We find petitioner's argument unpersuasive.

This case presents a question of statutory interpretation. In *Superior Hotels, LLC v Mackinaw Twp*, 282 Mich App 621, 628-630; 765 NW2d 31 (2009), this Court explained:

> The primary goal of construing a statute is to determine and give effect to the intent of the Legislature. The first step in doing this is to review the language of the statute. "If the statutory language is unambiguous, the Legislature is presumed to have intended the meaning expressed in the statute and judicial construction is not permissible." A statutory provision "is ambiguous only if it 'irreconcilably conflict[s]' with another provision or when it is *equally* susceptible to more than a single meaning."

In reading a statute, this Court must assign to every word or phrase its plain and ordinary meaning unless the Legislature has provided specific definitions or has used technical words or phrases that have acquired a peculiar and appropriate meaning in the law. Also, we must not read statutory words or phrases in isolation; rather, we must read each word or phrase and its placement in the context of the whole act. Thus, we must consider "both the plain meaning of the critical word or phrase as well as 'its placement and purpose in the statutory scheme.' "

We also note that " 'the construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration and ought not to be overruled without cogent reasons.' " In this regard, the Legislature has granted the STC general supervisory authority over the assessment of property for taxation as provided in Const 1963, art 9, § 3, and legislation implementing that constitutional provision. See MCL 211.150. . . . We accord respectful consideration to the STC's position. Nevertheless, "the agency's interpretation is not binding on the courts, and it cannot conflict with the Legislature's intent as expressed in the language of the statute at issue." [Citations omitted.]

In *Autodie, LLC v City of Grand Rapids*, 305 Mich App 423; 852 NW2d 650 (2014), this Court considered the intent behind MCL 211.154, including its restriction limiting appeals to the Tribunal only to taxpayers. This Court concluded that because MCL 211.154 addresses the "reporting" of property, not "assessing" property, "the Legislature intended MCL 211.154 to apply to situations in which the *taxpayer* incorrectly reported its personal property on a personal property statement." *Autodie*, 305 Mich App at 435. Thus, the Tribunal in this case properly concluded that the plain language of MCL 211.154(7) did not afford petitioner, as the taxing authority, the right to appeal the STC's decision to the Tribunal. See also *Superior Hotels*, 282 Mich App at 633 (noting that MCL 211.154 applies in "limited circumstances" involving an assessment based on either incorrect reporting or omission).

We reject petitioner's argument that MCL 211.154 should be read coextensively with MCL 205.735a(6), which concerns the jurisdiction of the Tribunal in an assessment dispute and does not limit appeals to only taxpayers. In the first instance, MCL 205.735a(6) only governs the *method* for invoking the jurisdiction of the Tribunal in an assessment dispute. See *Electronic Data Systems Corp v Flint Twp*, 253 Mich App 538, 543; 656 NW2d 215 (2002) (describing a previous version of the statute as "a jurisdictional statute that governs when and how a petitioner invokes the Tax Tribunal's jurisdiction.") Additionally, even if MCL 205.735a(6) would confer jurisdiction on the Tribunal to hear petitioner's appeal, MCL 205.735a(3) states that "[e]xcept as otherwise provided in this section or by law, for an assessment dispute as to the valuation or exemption of property, the assessment must be protested before the board of review before the tribunal acquires jurisdiction of the dispute under subsection (6)." There is no evidence that the assessment of the property was ever protested before a board of review by any party. See *Superior Hotels*, 282 Mich App at 630 (noting that an appeal of an assessment dispute to the Tribunal must, in general, "also be contemporaneously protested before the board of review"). Finally, the Legislature has adopted more specific procedures in MCL 211.154 governing appeals from the STC to the Tribunal regarding corrected assessments for omitted or improperly

reported property.[3] Therefore, even if MCL 211.154(7) was in conflict with MCL 205.735a(6) regarding the Tribunal's jurisdiction over petitioner's appeal, MCL 211.154(7) would prevail as the more specific provision. See *Wayne Co Employees Retirement Sys v Wayne County*, 301 Mich App 1, 37; 836 NW2d 279 (2013), aff'd in part and vacated in part on other grounds 497 Mich 36 (2014). The language of MCL 211.154(7) clearly grants a right of appeal to the Tribunal to the person "to whom property is assessed" under that section. This unambiguous language must be given effect. *Superior Hotels, LLC*, 282 Mich App at 628. We therefore conclude that the Tribunal properly ruled that MCL 211.154(7), the provision under which petitioner effected its appeal, did not allow petitioner to appeal the STC's decision to the Tribunal.

## IV. CONSTITUTIONALITY OF MCL 211.154(7)

Petitioner also argues that the application of MCL 211.154(7), as written, violates its constitutional right to appellate review of the STC's decisions under to Const 1963, art 6, § 28. We disagree.

Const 1963, art 6, § 28, provides, in relevant part:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. . . .

This provision provides that administrative appeals are "subject to direct review by the courts as provided by law." In *McAvoy v H B Sherman Co*, 401 Mich 419, 443; 258 NW2d 414 (1977), the Court explained that "[t]he phrase 'as provided by law' clearly vests the Legislature with the authority to exert substantial control over the mechanics of how administrative decisions are to be appealed," citing *Viculin v Dep't of Civil Serv*, 386 Mich 375; 192 NW2d 449 (1971). See also *In re Payne*, 444 Mich 679, 716; 514 NW2d 121 (1994).

Even if MCL 211.154(7) affords appellate rights to taxpayers that are not available to local governments such as petitioner, that does not lead to the conclusion that it violates article 6, § 28 of the state constitution. Petitioner argues that article 6, § 28, applies because the STC's ruling affects its private rights. Our Supreme Court has defined a "private right" as "a personal right, as opposed to a right of the public or the state." *Midland Cogeneration Venture Ltd*

---

[3] See *Superior Hotels*, 282 Mich App at 631-632, for our discussion of the "statutory scheme regarding both the Tax Tribunal and the STC" and the differences between the Tribunal's appellate jurisdiction granted it by the Legislature under MCR 211.154(7) and the Tribunal's general appellate jurisdiction over the STC as stated in MCL 205.731(a).

*Partnership v Naftaly*, 489 Mich 83, 93; 803 NW2d 674 (2011), citing Black's Law Dictionary (8th ed), p 1348. Petitioner represents a taxing authority as a division of the state; therefore, it represents only public, rather than private, interests. MCL 211.154(7) consequently does not impact any rights protected under article 6, § 28. Further, petitioner is not completely bereft of a remedy if aggrieved by a decision of the STC under MCL 211.154. When there is no administrative means of appeal provided by statute, the matter is generally appealable to circuit court. See *Midland Cogeneration Venture*, 489 Mich at 87, 90 (holding that STC decisions that are final decisions of an administrative agency are appealable to the circuit courts); MCL 600.631 ("An appeal shall lie from any order, decision, or opinion of any state board, commission, or agency, authorized under the laws of this state to promulgate rules from which an appeal or other judicial review has not otherwise been provided for by law, to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham county . . . ."). The enactment of this right of appeal to circuit court is within the purview of the Legislature, which "may exert substantial control over the mechanics of how administrative decisions are to be appealed." *McAvoy*, 401 Mich at 444.

Finally, because we conclude that the Tribunal properly dismissed petitioner's appeal for lack of jurisdiction, we decline to consider the merits of petitioner's argument that the religious exemption of MCL 211.7s was improperly applied to the land leased by respondent for tax years 2009, 2010, and 2011. See *Fox v Bd of Regents of the Univ of Mich*, 375 Mich 238, 242-243; 134 NW2d 146 (1965); *Electronic Data Sys Corp*, 253 Mich App at 544.

Affirmed.


/s/ Kurtis T. Wilder
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien

-5-