*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEYBANK NATIONAL ASSOCIATION,

      Plaintiff/Counterdefendant-
      Appellee,

v

LAKE VILLA OXFORD ASSOCIATES, LLC,
and KENNETH C. BURNHAM,

      Defendants/Counterplaintiffs/Cross-
      Plaintiffs/Cross-Defendants-
      Appellants,

and

CHRISTOPHER INVESTMENT COMPANY,
INC.,

      Defendant/Cross-Defendant,

and

HOMESTEAD PROPERTIES, LP,

      Defendant/Cross-Plaintiff/Cross-
      Defendant-Appellee,

and

ROBB EVANS & ASSOCIATES, OXFORD
BANK CORPORATION, MICHIGAN BELL
TELEPHONE COMPANY, also known as AT&T
MICHIGAN, CONSUMERS POWER
COMPANY, also known as CONSUMERS
ENERGY COMPANY, DETROIT EDISON
COMPANY, FANCH CABLEVISION OF

UNPUBLISHED
May 7, 2020

No. 348443
Oakland Circuit Court
LC No. 2012-126588-CK

MICHIGAN, TW FANCH TWO COMPANY,
doing business as CABLE COMM, MCGLONE
LEASING INVESTMENT COMPANY,
MCGLONE LEASING INVESTMENT
COMPANY, INC., CC VIII OPERATING, LLC,
also known as CHARTER COMMUNICATIONS,
CHARTER TOWNSHIP OF OXFORD,
OAKLAND COUNTY TREASURER, CAPITOL
INFRASTRUCTURE, doing business as
CONNEXION TECHNOLOGIES, and
NEWBURY MANAGEMENT SERVICES, LLC,

                    Defendants.

Before:  M. J. KELLY, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

In this civil suit regarding the payment of a personal guaranty of a loan, Kenneth C. Burnham appeals as of right the trial court's judgment in favor of Homestead Properties, LP, for $7,743,841.59.  Burnham also challenges the trial court's prior orders denying his motion to dismiss for insufficient service of process resulting in a lack of jurisdiction and motion to hold an evidentiary hearing for calculation of damages.  Because all of the issues raised in this appeal by Burnham are either waived or abandoned, we affirm.

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In a previous appeal, we provided a brief factual and procedural summary of the case, including its origins and then-current status:

> This case was initiated by KeyBank National Association in response to Lake Villa Oxford and Burnham's failure to repay a loan for $30.05 million and mortgage regarding a 174-acre parcel in Oxford (the subject property).  In KeyBank's action, numerous parties having an interest in the subject property were named, including Homestead and Christopher Investment, but only Homestead, Lake Villa Oxford, and Burnham remain parties to this action.

> Burnham acted as manager of several related companies, including Lake Villa Oxford and Lake Villa Rochester.  The subject property here was owned by Lake Villa Oxford but, as stated above, KeyBank held a mortgage on the property which secured a $30.05 million loan.  That loan was also secured by a personal guaranty from Burnham.  And when Christopher Investment loaned Lake Villa Rochester $4.45 million, the loan was secured by a second mortgage on the subject property and Burnham, again, personally guaranteed the loan.

> Shortly after that agreement with Lake Villa Rochester, Christopher Investment assigned its rights under the loan, mortgage, and guaranty to

Homestead. While this case progressed, Homestead notified Lake Villa Rochester and Burnham that they were in default under the loan and mortgage for failure to repay, and that it sought repayment by either Lake Villa Rochester under the loan, or from Burnham under the guaranty. [*KeyBank Nat'l Ass'n v Lake Villa Oxford Assoc, LLC*, unpublished per curiam opinion of the Court of Appeals, issued September 15, 2016 (Docket No. 327469), p 2.]

As noted, this case arose when KeyBank filed an original complaint against a host of parties, which included Homestead and Burnham. During the initial stages of the litigation, Burnham challenged the service of process performed by KeyBank. Burnham contended that he was never personally served with a summons that listed him as the defendant. Instead, he was served with a summons that listed Lake Villa Oxford as the defendant, while his wife was personally served with the summons with Burnham's name. The trial court considered those arguments and denied Burnham's motion to dismiss the case, holding that dismissal was not the appropriate remedy where Burnham was made aware of the action. Burnham attempted to appeal that order as of right to this Court, which we dismissed for lack of jurisdiction because the order being appealed was not a final order.[1] Despite challenging the trial court's jurisdiction, Burnham filed a counterclaim against KeyBank, seeking damages. Later, Burnham and KeyBank settled their claims and stipulated to a dismissal of the case as between them.

Homestead's claim against Burnham and Lake Villa Oxford, however, remained. Burnham also filed a cross-claim against Homestead, seeking $5 million in damages. The case proceeded to a jury trial, where Burnham was present and testified. "The jury . . . [found] that Homestead did not have a cause of action against Burnham under the guaranty." *KeyBank Nat'l Ass'n*, unpub op at 3. On appeal, we reversed, held that the trial court should have granted Homestead's motion for summary disposition where the guaranty was assignable as a matter of law, and remanded for the trial court to calculate damages. *Id.* at 4-5. Once again before the trial court, Burnham attempted to reassert his claim that there was a failure of service of process resulting in a lack of jurisdiction, moving the trial court to dismiss the entire case on those grounds. The trial court denied the motion. Burnham then moved the trial court to hold an evidentiary hearing to determine damages, as ordered by this Court. The trial court denied the motion, holding that it had sufficient documentation provided by Homestead to calculate damages—evidence that Burnham had not rebutted—and entered judgment in Homestead's favor for the amount already noted. This appeal followed.

## II. SERVICE OF PROCESS AND JURISDICTION

Burnham argues that the trial court erred by denying his motion to dismiss where there was a failure of service of process resulting in a lack of jurisdiction. Because Burnham waived that argument, we disagree.

"A trial court's decision to dismiss an action is reviewed for an abuse of discretion." *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007). "An abuse of discretion

---

[1] *KeyBank Nat'l Ass'n v Lake Villa Oxford Assoc, LLC*, unpublished order of the Court of Appeals, entered April 19, 2013 (Docket No. 315706).

occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Johnson v USA Underwriters*, 328 Mich App 223, 247; 936 NW2d 834 (2019) (quotation marks and citation omitted). "We review the interpretation and application of statutes and court rules de novo." *In re Ferranti*, 504 Mich 1, 14; 934 NW2d 610 (2019).

"A court cannot adjudicate [an in personam] controversy without first having obtained jurisdiction [over the] defendant by service of process . . . ." *Brooks Williams & Assoc, Inc v Mayflower Constr Co*, 308 Mich App 18, 26; 863 NW2d 333 (2014) (quotation marks and citations omitted; alterations in original). Service of process is governed by the Michigan Court rules. "Provisions for service of process contained in [the Michigan Court] rules are intended to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances." MCR 2.105(J)(1). As relevant to this case, "[p]rocess may be served on a resident or nonresident individual by . . . delivering a summons and a copy of the complaint to the defendant personally . . . ." MCR 2.105(A)(1).

In addition to participating in this case for nearly eight years, Burnham also filed a counterclaim against KeyBank and a cross-claim against Homestead, seeking about $15 million in alleged damages. In *Slaggert v Case*, 319 Mich 200, 203; 29 NW2d 280 (1947), our Supreme Court considered an argument that a trial court did not have jurisdiction to hear the case. The Court noted that the party challenging jurisdiction "not only answered plaintiffs' bill but prayed for affirmative relief." *Id*. In so doing, the party "invoked the jurisdiction of the court," barring that party from challenging "jurisdiction on the ground asserted." *Id*. In an even earlier decision, the Michigan Supreme Court provided further guidance on the issue of jurisdiction, reasoning that the "[d]efendant lost no rights by merely answering to the merits of the bill, but when she invoked the jurisdiction of the court to award her affirmative relief she became an actor in the suit and submitted to the jurisdiction as a cross-plaintiff." *Western & Southern Life Ins Co v Brana*, 275 Mich 19, 20; 265 NW 512 (1936). In other words, a party is permitted to come to court, challenge a court's jurisdiction, and defend on the basis of the merits of the claim without losing future appellate rights to challenge the jurisdiction of the trial court. *Id*. However, by actively invoking the jurisdiction of the court in an attempt to obtain monetary or equitable relief, any issue regarding the jurisdiction of that same court has been waived. *Slaggert*, 319 Mich at 203; *Western & Southern Life Ins Co*, 275 Mich at 20. Because Burnham filed a counterclaim against KeyBank and a cross-claim against Homestead, he invoked the trial court's jurisdiction and cannot now claim that it lacked jurisdiction.

Because the issue was waived, resulting in Burnham's inability to challenge that he was a party to the case, his argument regarding service of Homestead's cross-complaint also lacks merit. "A pleading may state as a cross-claim a claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or that relates to property that is the subject matter of the original action." MCR 2.203(D). When filing a cross-claim, service of process—or serving a summons and complaint under the requirements of MCR 2.105(A)—is only required for *new parties*. MCR 2.203(G)(2). There is no allegation by Burnham that the cross-claim was not served on his attorney that was representing him in the lawsuit at the time. Instead, Burnham argues that the cross-claim was not actually a cross-claim, but an original complaint that required service of process.

The court rule regarding cross-claims, in relevant part, provides that "a cross-claim [is] a claim by one party against a co-party . . . that relates to property that is the subject matter of the original action." MCR 2.203(D). The original action was filed by KeyBank against an array of parties that had an interest in a piece of real property on which KeyBank held a mortgage. The cross-claim filed by Homestead was in regards to a second mortgage provided to Lake Villa Rochester, and guaranteed by Burnham, on the same piece of real property. Therefore, because Homestead's claim against Burnham, a co-party, "relate[d] to property that is the subject matter of the original action," it was a cross-claim. *Id*. Because Homestead filed a cross-claim, it was not required to provide service of process. MCR 2.203(G)(2). Thus, this argument by Burnham is without merit. The trial court did not abuse its discretion when it denied Burnham's motion to dismiss. [2]

## III. EVIDENTIARY HEARING

Defendant next contends that the trial court should have held an evidentiary hearing to calculate the amount of damages. Defendant, however, has abandoned this issue on appeal. An appellant is not permitted "to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *The Cadle Co v City of Kentwood*, 285 Mich App 240, 258 n 10; 776 NW2d 145 (2009) (citation omitted). "The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow." *Wayne Co Employees Retirement Sys v Wayne Charter Co*, 497 Mich 36, 41; 859 NW2d 678 (2014) (quotation marks and citation omitted). "[W]here a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court." *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002) (quotation marks and citation omitted). Generally, when an issue is abandoned, we will decline to consider it. *Id*.

In Burnham's original brief on appeal, he presented only a single paragraph for his argument regarding the trial court's alleged failure to hold an evidentiary hearing on the issue of damages. That paragraph did not contain a citation to any court rule, statute, or case. If we sought

---

[2] Burnham also waived this argument by settling his case with KeyBank without specifically reserving his ability to challenge service of process or jurisdiction in the future. *In re Estate of Koch*, 322 Mich App 383, 402-403; 912 NW2d 205 (2017); *Reed Estate v Reed*, 293 Mich App 168, 177; 810 NW2d 284 (2011). Moreover, even if the issue was not waived, the trial court appropriately denied Burnham's motion to dismiss because, under MCR 2.105(J)(3), Burnham was undisputedly made aware of the action against him even if the service of process was technically erroneous.

to review Burnham's argument on the merits, we would be required "to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *The Cadle Co*, 285 Mich App at 258 n 10 (citation omitted). We decline to do so. *Yee*, 251 Mich App at 406.[3]

Affirmed.

/s/ Michael J. Kelly
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto

---

[3] Burnham attempts to save his claim regarding a hearing on damages by making an array of new arguments, including citations to caselaw, in his reply brief. However, "[r]aising an issue for the first time in a reply brief is not sufficient to present the issue for appeal." *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012) (quotation marks and citation omitted). This is because, "[r]eply briefs must be confined to rebuttal of the arguments in the appellee's or cross-appellee's brief . . . ." MCR 7.212(G). Stated differently, "a party may not raise new or additional arguments in its reply brief." *Kinder Morgan Mich, LLC v City of Jackson*, 277 Mich App 159, 174; 744 NW2d 184 (2007). Burnham was required to raise and argue the issue in his original brief on appeal, which would have permitted Homestead an opportunity to reasonably respond to the arguments. By supplying the arguments in his reply brief, Burnham has attempted to leave Homestead without that opportunity. Given the applicable caselaw and court rule, Burnham's attempt to bypass Homestead's response and raise these arguments in his reply brief cannot be successful. Thus, even though Burnham added argument regarding this issue in his reply brief, we decline to consider it. *Id.*; MCR 7.212(G).