# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 2, 2010

140300 & (46)(52)

SHEILA ELLOUT, as Personal Representative
of the ESTATE OF CYNTHIA LATIMORE,
Deceased,
   Plaintiff-Appellee
   and Cross-Appellant,

v

DETROIT MEDICAL CENTER, DETROIT
RECEIVING HOSPITAL AND UNIVERSITY
HEALTH CENTER, and CHRISTINA L.
COULBECK, R.N.,
   Defendants-Appellants
   and Cross-Appellees.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 140300
COA: 286207
Wayne CC: 06-635635-NH

On order of the Court, the motion for miscellaneous relief is GRANTED. The application for leave to appeal the October 8, 2009 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant are considered, and they are DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

Plaintiff filed this medical malpractice action before the expiration of the mandatory notice period under MCL 600.2912b(1). The trial court, relying on *Burton v Reed City Hosp Corp,* 471 Mich 745 (2005), dismissed the action with prejudice. Relying on *Bush v Shabahang,* 484 Mich 156 (2009), the Court of Appeals, in a split decision, reversed and remanded for a dismissal without prejudice. *Ellout v Detroit Medical Ctr,* 285 Mich App 695 (2009).

In *Burton,* 471 Mich at 747, this Court held that a complaint filed prior to the expiration of the notice period is a nullity and does not toll the statute of limitations because "MCL 600.2912b(1) unambiguously states that a person 'shall not' commence an action alleging medical malpractice until the expiration of the statutory notice period."

In addition, if a timely complaint is not filed before the period of limitations expires, dismissal with prejudice is required. *Id.* at 753.

MCL 600.2301 provides:

> The court in which any action or proceeding is *pending*, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties. [Emphasis added.]

In *Bush,* this Court held that MCL 600.2301 applies to notices of intent, and, thus, that a medical malpractice complaint should not be dismissed because of defects in the notice unless the notice was not a good-faith attempt to comply with the statute.

*Bush* is inapplicable here because it involved the filing of a defective notice of intent, while this case involves the filing of a complaint before the notice period expired. MCL 600.2301 is also inapplicable here because it only applies to "pending" actions, and there was no "pending" action here because a timely complaint had never been filed. As this Court recognized in *Burton,* MCL 600.2912b(1) unambiguously states that a person "shall not commence an action" until the notice period has expired. Because plaintiff was not authorized to commence this action when she filed the complaint, no action has been commenced, and, thus, there is no pending action. As this Court explained in *Boodt v Borgess Medical Ctr,* 481 Mich 558, 564 (2008), if a plaintiff fails to file a notice of intent that complies with the statutory requirements, that plaintiff is not authorized to file a complaint.

Furthermore, allowing plaintiff to file a complaint before the notice period has expired would affect defendants' substantial rights because it would deprive them of the 154 or 182 days of notice that the statute clearly entitles them to.

*Burton* and *Boodt* have not been overruled, and, thus, are still good law; and the Court of Appeals clearly did not follow *Burton* and *Boodt*. Therefore, I would reverse the Court of Appeals.

CORRIGAN and YOUNG, JJ., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 2, 2010

*Corbin R. Davis*
Clerk

d0629