MARKMAN, J.
At issue here is whether Zwiers v Growney, 286 Mich App 38; 778 NW2d 81 (2009), was overruled by this Court in Driver v Naini, 490 Mich 239; 802 NW2d 311 (2011). The Court of Appeals held that Zwiers was not overruled in Driver. Because we conclude to the contrary, we reverse the judgment of the Court of Appeals in part in both Tyra v Organ Procurement Agency of Mich, 302 Mich App 208; 850 NW2d 667 (2013), and Furr v McLeod, 304 Mich App 677; 848 NW2d 465 (2014). In Tyra, we reinstate the trial court’s order granting defendants’ motion for summary disposition, and in Furr, we remand to the trial court for entry of an order granting defendants’ motion for summary disposition.
I. FACTS AND HISTORY
A. TYRA
On June 9, 2007, plaintiff, Lisa Tyra, received a kidney transplant at defendant William Beaumont Hospital, with a kidney made available by defendant *75 Organ Procurement Agency of Michigan (Organ Procurement). Plaintiff allegedly suffered complications because the kidney did not constitute a proper match, and she now asserts that defendants should have identified this fact before the surgery.[1] On April 23, 2009, plaintiff sent defendants a timely notice of intent (NOI) to file a medical malpractice action. On August 13, 2009, .112 days after sending the NOI, plaintiff filed her complaint against defendants. When plaintiff filed her complaint, the 182-day notice period set forth in MCL 600.2912b(l) had not yet expired, and on January 13, 2010, Organ Procurement moved for summary disposition on the basis that plaintiffs complaint was filed prematurely, i.e., before the expiration of the 182-day notice period, and the period of limitations had since expired.[2] The hospital and Dr. Steven Cohn, the transplant surgeon, joined the motion on March 19, 2010, and on May 20, 2010, the trial court granted the motion. The trial court reasoned that, under Burton v Reed City Hosp Corp, 471 Mich 745; 691 NW2d 424 (2005), the prematurely filed complaint failed to toll the running of the period of limitations and plaintiff could not cure the error by refiling the complaint.
On August 15, 2013, a divided Court of Appeals reversed the grant of summary disposition. Tyra, 302 Mich App 208. The Court of Appeals majority concluded that Driver had not overruled Zwiers and “on the basis of both Zwiers and the purpose behind MCL 600.2301, *76 the trial court erred by failing to at least consider the possibility of allowing plaintiff to amend her complaint . . . Id. at 226. The Court accordingly remanded to allow “the trial court [to] exercise its discretion by either granting or denying that amendment pursuant to MCL 600.2301 and Zwiers.” Id. at 227. Judge WILDER dissented on the basis that “Zwiers was undermined by the Supreme Court’s subsequent decision in Driver . . . .” Id. at 231 (WILDER, P.J., dissenting).
Defendants (in two separate applications) sought leave to appeal in this Court, arguing that the Court of Appeals erred by concluding that Zwiers remained valid after Driver. We directed that oral argument be heard on defendants’ applications for leave to appeal and instructed the parties to address “whether Zwiers v Growney, 286 Mich App 38 (2009), was overruled by this Court’s decision in Driver v Naini, 490 Mich 239 (2011), and whether the defendant’s affirmative defenses were defective because they did not specifically state the grounds for the defense.” Tyra v Organ Procurement Agency of Mich, 497 Mich 909, 909-910 (2014).
B. FURR
On April 4, 2008, plaintiff Susan Furr allegedly suffered a severed nerve during surgery at defendant Borgess Medical Center. On April 4, 2010, plaintiff and her husband William Furr[3] sent defendants a timely NOI to file a medical malpractice action.[4] On September 30, 2010,179 days after sending the NOI, plaintiffs filed their complaint against defendants. When plain *77 tiffs filed their complaint, the 182-day notice period set forth in MCL 600.2912b(l), as in Tyra, had not yet expired.[5] On November 24, 2010, defendants moved for summary disposition on the basis that plaintiffs’ complaint was filed prematurely, i.e., before expiration of the 182-day notice period, and that the statute of limitations, also as in Tyra, had since expired.[6] On January 31, 2011, and again on May 22, 2012, after the Court of Appeals remanded for reconsideration in light of Driver, the trial court denied defendants’ motion, citing Zwiers for the proposition that MCL 600.2301 permits a trial court to ignore noncompliance with MCL 600.2912b(l) when a defendant’s substantial rights are not prejudiced.
On October 24, 2013, a divided Court of Appeals panel affirmed the trial court. Furr v McLeod, 303 Mich App 801 (2013). In his lead opinion, Judge WHITBECK asserted that but for Tyra, he would have reversed the trial court and held that Driver overruled Zwiers. Judge WHITBECK therefore requested the convening of a conflict-resolution panel. Judge M. J. KELLY, concurring, disagreed with Judge WHITBECK’s analysis, but agreed that a conflict panel should be convened. Judge OWENS wrote a separate opinion, concurring in the result, but noting his own conclusion that Tyra was decided correctly. A conflict-resolution panel was convened and, pursuant to MCR 7.215(J)(5), the Court’s original judgment in Furr was vacated. Furr, 303 Mich App 801. In a 4-3 decision, the Court of Appeals conflict panel then affirmed the trial court. Furr, 304 Mich App 677. The Court majority was “not *78 prepared to hold that Driver overruled Zwiers by implication.” Id. at 706. The dissenting judges would have reversed the trial court on the basis that Driver did overrule Zwiers. Id. at 706-707 (O’CONNELL, J., dissenting); id. at 707 (METER, J., dissenting).
Defendants sought leave to appeal, arguing that the conflict panel erred by ruling that Driver did not overrule Zwiers. This Court directed that oral argument be heard on defendants’ application and directed the parties to address “whether Zwiers v Growney, 286 Mich App 38 (2009), was overruled by this Court’s decision in Driver v Naini, 490 Mich 239 (2011).” Furr v McLeod, 497 Mich 910 (2014). Oral arguments in Tyra and Furr were heard on May 5, 2015.
II. STANDARD OF REVIEW
This Court reviews de novo decisions on motions for summary disposition. IBM v Treasury Dep’t, 496 Mich 642, 647; 852 NW2d 865 (2014). This Court also reviews de novo issues of statutory interpretation. Id.
III. ANALYSIS
A. BACKGROUND
MCL 600.2912b(l) requires that the plaintiff in a medical malpractice action give the defendant written notice of the plaintiffs intent to file a claim before commencing a medical malpractice action against the defendant. After providing the NOI, the plaintiff must wait for the applicable notice period, usually 182 days, to pass before the plaintiff can file the medical malpractice action.[7] MCL 600.2912b(l) provides:
*79 Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced. [Emphasis added.]
“In a medical malpractice action, a claimant normally has two years from the time his claim accrues to commence a suit.” Driver, 490 Mich at 249, citing MCL 600.5838a(2) and MCL 600.5805(1) and (6). However, under MCL 600.5856(c), the running of the two-year period of limitations is tolled during the notice period. In addition, under MCL 600.5856(a), the filing of a complaint with the required affidavit of merit after the notice period has elapsed also tolls the running of the period of limitations.[8] MCL 600.5856 provides, in pertinent part:
The statutes of limitations or repose are tolled in any of the following circumstances:
(a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.
[[Image here]]
*80 (c) At the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.
Finally, MCL 600.2301, a statute of general applicability, provides:
The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties. [Emphasis added.]
In Burton, 471 Mich at 745, this Court held that “[a] complaint filed before the expiration of the notice period violates MCL 600.2912b and is ineffective to toll the limitations period,” id. at 747, because “the failure to comply with the statutory requirement renders the complaint insufficient to commence the action,” id. at 754, because MCL 600.2912b “unequivocally provides that a person ‘shall not’ commence an action alleging medical malpractice against a health professional or health facility until the expiration of the statutory notice period,” id. at 752. Burton further held that “dismissal is an appropriate remedy for noncompliance with the notice provisions of MCL 600.2912b and that when a case is dismissed, the plaintiff must still comply with the applicable statute of limitations.” Id. at 753. Therefore, if the statute of limitations has already expired, the case must be dismissed with prejudice.
*81 In Boodt v Borgess Med Ctr, 481 Mich 558, 562-564; 751 NW2d 44 (2008), this Court held that “a plaintiff cannot commence an action before he or she files a notice of intent that contains all the information required under [MCL 600.2912b(4)],” and accordingly, “the filing of the complaint and the affidavit of merit that plaintiff was not yet authorized to file [because the NOI did not contain all the required information] could not possibly have tolled the period of limitations.” Boodt further held that MCL 600.2301, which allows the court “to amend any process, pleading or proceeding” and to “disregard any error or defect in the proceedings,” only applies to “pending” actions and “because the notice of intent was deficient, no action [was] pending . . . .” Id. at 563 n 4.
In Bush v Shabahang, 484 Mich 156, 161; 772 NW2d 272 (2009), this Court held that, under the 2004 amendments of MCL 600.5856, “if an NOI is timely, the statute of limitations is tolled despite defects contained therein.” Bush further held that MCL 600.2301 “may be employed to cure defects in an NOI.” Id. at 177.[9] Specifically, MCL 600.2301 “allows for amendment and disregard of ‘any error or defect’ where the substantial rights of the parties are not affected and the cure is in the furtherance of justice.” Id. at 161. “A cure is in the furtherance of justice when a party makes a good-faith attempt to comply with the content requirements of [MCL 600.2912b].” Id. at 185.
In Zwiers, 286 Mich App at 52, the Court of Appeals, relying on Bush and MCL 600.2301, held that “[u]nder *82 the circumstances of this case in which a complaint was inadvertently filed one day early on a 182-day waiting period and in which no one was harmed or prejudiced by the premature filing, it would simply constitute an injustice to deprive plaintiff of any opportunity to have the merits of her case examined and addressed by a court of law.” Therefore, the court reversed the trial court’s order granting the defendants’ motion for summary disposition, “reinstated” the plaintiffs medical malpractice suit, and “remanded for further proceedings consistent with this opinion.” Id. at 52-53.[10]
This Court denied the defendants’ subsequent application for leave to appeal. Zwiers v Growney, 486 Mich 1058 (2010). Three justices would have reversed the Court of Appeals for the reasons stated in the dissenting statement in Ellout v Detroit Med Ctr, 486 Mich 1058 (2010). Zwiers, 486 Mich at 1058 (MARKMAN, J., dissenting). Ellout involved the identical issue and was decided on the same day as Zwiers. The dissent in Ellout stated:
Bush is inapplicable here because it involved the filing of a defective notice of intent, while this case involves the filing of a complaint before the notice period expired. MCL 600.2301 is also inapplicable here because it only applies to “pending” actions, and there was no “pending” action here because a timely complaint had never been filed. As this Court recognized in Burton, MCL 600.2912b(l) unam *83 biguously states that a person “shall not commence an action” until the notice period has expired. Because plaintiff was not authorized to commence this action when she filed the complaint, no action has been commenced, and, thus, there is no pending action. As this Court explained in Boodt v Borgess Med Ctr, 481 Mich 558, 564 (2008), if a plaintiff fails to file a notice of intent that complies with the statutory requirements, that plaintiff is not authorized to file a complaint.
Furthermore, allowing plaintiff to file a complaint before the notice period has expired would affect defendants’ substantial rights because it would deprive them of the 154 or 182 days of notice that the statute clearly entitles them to.
Burton and Boodt have not been overruled, and, thus, are still good law; and the Court of Appeals clearly did not follow Burton and Boodt. Therefore, I would reverse the Court of Appeals. [.Ellout, 486 Mich at 1059 (Markman, J., dissenting) (emphasis added).]
In Driver, 490 Mich at 243, we held that “a plaintiff is not entitled to amend an original NOI to add nonparty defendants so that the amended NOI relates back to the original filing for purposes of tolling the statute of limitations . . . .” Driver explained that “[t]he Bush majority held that when an NOI fails to meet all of the content requirements under MCL 600.2912b(4), MCL 600.2301 allows a plaintiff to amend the NOI and preserve tolling unless the plaintiff failed to make a good-faith effort to comply with MCL 600.2912b(4).” Id. at 252-253. Accordingly, Driver held that “the holding in Bush that a defective yet timely NOI could toll the statute of limitations simply does not apply here because CCA [the nonparty defendant] never received a timely, albeit defective, NOI.” Id. at 253. Concerning the effect of Bush on Burton, Driver explained:
*84 Nothing in Bush altered our holding in Burton. The central issue in Bush involved the effect an NOI had on tolling when the NOI failed to comply with the content requirements of MCL 600.2912b(4). The central issue in Burton involved the effect the plaintiffs failure to comply with the notice-waiting-period requirements had on tolling. Indeed, the Bush Court repeatedly emphasized that the focus of MCL 600.5856(c) is compliance with the notice waiting period set forth in MCL 600.2912b. In contrast to placing doubt on the viability of Burton, this aspect of Bush aligned with Burton’s holding that a plaintiff must comply with the notice waiting period to ensure the complaint tolls the statute of limitations. [Id. at 257-258 (citations omitted).]
Driver also held that “MCL 600.2301 is inapplicable because there was no action or proceeding pending against CCA” because the “plaintiffs claim was already time-barred when he sent the NOI”; and “[a]n action is not pending if it cannot be commenced,” and “[b]y its plain language, MCL 600.2301 only applies to actions or proceedings that are pending.” Id. at 254 (quotation marks and citation omitted). Finally, Driver noted that “amendment of the original NOI to allow plaintiff to add CCA would not be ‘for the furtherance of justice’ and would affect CCA’s ‘substantial rights,’ ” because it would “deprive CCA of its statutory right to a timely NOI followed by the appropriate notice waiting period” and “CCA would also be denied its right to a statute-of-limitations defense.” Id. at 254-255 (quotation marks and citations omitted).
In Tyra, 302 Mich App at 220-221, the Court of Appeals reluctantly relied on this Court’s decision in Burton, and held that “a medical malpractice complaint filed prior to the expiration of the MCL 600.2912b waiting period does not commence the action and does not toll the running of the limitations period pursuant to MCL 600.5856(a).” The majority *85 recognized that “Burton has not been overturned” and that “citing to Burton, our Supreme Court recently reaffirmed that ‘when a plaintiff fails to strictly comply with the notice waiting period under MCL 600.2912b, his or her prematurely filed complaint fails to commence an action that tolls the statute of limitations.’ ” Tyra, 302 MichApp at 223, quoting Driver, 490 Mich at 256.
However, relying on the Court of Appeals opinion in Zwiers and distinguishing Driver, the Court ultimately held that the Tyra plaintiff may be permitted to amend her complaint under MCL 600.2301. Specifically, the Court held that Driver is distinguishable because “[i]n Driver, the plaintiffs were barred from the initial step of the proceedings of filing the notice of intent, whereas here, there is no dispute that the notice of intent was proper” and that while “MCL 600.2301 cannot be used to create a filing out of whole cloth,... no such bootstrapping would occur here, where all the requisite documents actually exist.” Tyra, 302 Mich App at 224. Relying on Zwiers and MCL 600.2301, the Court of Appeals remanded to the trial court for it to “examine whether the party seeking amendment lacked good faith and whether the party opposing amendment will suffer prejudice that cannot be remedied by a lesser sanction than dismissal.” Id. at 226.
The Court of Appeals dissent, relying on Burton and Driver and believing that Zwiers was “significantly undermined by our Supreme Court’s later decision in Driver,” concluded that “plaintiffs complaint cannot be resurrected under MCL 600.2301.” Tyra, 302 Mich App at 230 (WILDER, P.J., dissenting). The dissent explained:
[T]he limitations period expired without commencement of a medical malpractice action because plaintiffs com *86 plaint was filed prematurely. Since [a]n action is not "pending” if it cannot be [or was not] “commenced,” there was no action pending in the trial court to which MCL 600.2301 could be retroactively applied. Moreover, retroactive application of MCL 600.2301 would affect defendant’s substantial rights because defendant would be "denied its right to a statute-of-limitations defense,” which is plainly contrary to, and not in furtherance of, the Legislature’s intent in enacting MCL 600.2912b. [Id. at 230 (quotation marks and citations omitted; alterations in original).]
In Furr, 303 Mich App 801, the Court of Appeals originally held that although the Furr plaintiffs filed their complaint before the end of the 182-day notice period, they could amend their prematurely filed complaint. In his lead opinion, however, Judge WHITBECK only reached that result because he concluded the Court was bound by Tyra. Judge WHITBECK asserted that Tyra was wrongly decided and called for a conflict-resolution panel. See MCR 7.215(J). Specifically, Judge WHITBECK believed that Driver overruled Zwiers because Driver held that “a plaintiff may only invoke MCL 600.2301 to correct a defective content requirement in the notice of intent.” Id. at 809 (opinion by WHITBECK, J.).
In a split decision, the conflict panel held that Driver did not overrule Zwiers. Furr, 304 Mich App at 680. It further held that Driver is distinguishable from Zwiers, Tyra, and Furr because in Driver the plaintiffs claim was already time-barred when he sent the NOI, but “[i]n Zwiers, Tyra, and Furr, however, the NOIs were timely served on the defendants, so while actions had not been commenced because of the premature filing of complaints and no actions were therefore pending for purposes of MCL 600.2301, proceedings had been commenced given the timely NOIs and pro *87 ceedings were therefore pending,” and “MCL 600.2301 speaks of a pending ‘action or proceeding.’ ” Id. at 694. The conflict panel held that Driver cannot be interpreted to mean that only content-based amendments are permitted under MCL 600.2301 because MCL 600.2301 “empowers a court to amend any process, pleading, or proceeding ‘either in form or substance [.]’ ” Id. at 699, quoting MCL 600.2301 (alteration in original). The dissenting judges indicated that they were dissenting for the reasons stated in Judge WHITBECK’s vacated opinion in Furr and in the dissenting opinion in Tyra. Id. at 706-707 (O’CONNELL, J., dissenting). Judge METER separately indicated that although he was a member of the panel that decided Zwiers, he believed that Driver overruled Zwiers.[11] Id. at 707 (METER, J., dissenting).
B. AFFIRMATIVE DEFENSES
In Tyra, 497 Mich at 910, we asked the parties to address “whether the defendants’ affirmative defenses were defective because they did not specifically state the grounds for the defense.” The Court of Appeals held that although the Tyra defendants did not adequately state the grounds for the affirmative defense of plaintiffs failure to comply with the notice period, that did *88 not matter because this Court held in Auslander v Chemick, 480 Mich 910 (2007),[12] that a plaintiffs failure to comply with the notice period remains available as a defense irrespective of whether the defendant adequately stated the grounds for the defense. Although the Tyra defendants appealed a different portion of the Court of Appeals’ opinion, the Tyra plaintiff did not appeal this portion of the opinion. Indeed, the Tyra plaintiff has not even filed a brief in this Court. Because the Tyra plaintiff has not briefed the issue, it has been abandoned. People v McGraw, 484 Mich 120, 131 n 36; 771 NW2d 655 (2009) (“Failure to brief an issue on appeal constitutes abandonment.”). Although “the failure of an appellee to file a responsive brief may not properly be considered to be a confession of substantive error,” People v Smith, 439 Mich 954 (1992), appellees who have not cross-appealed “may not obtain a decision more favorable to them than was rendered by the Court of Appeals,” McCardel v Smolen, 404 Mich 89, 94-95; 273 NW2d 3 (1978).[13] See also In re MCI Telecom Complaint, 460 *89 Mich 396, 432; 596 NW2d 164 (1999) (“Appellee Amer-itech has neither applied for leave to cross appeal on this issue, nor offered this argument as an alternative rationale to support the favorable ruling it received below. Accordingly, this issue, itself, is not properly before the Court.”); McGraw, 484 Mich at 131 n 36 (“[W]e do not contend that an appellee is required to file a cross-appeal to raise a waiver argument. We simply conclude that an appellee should at some point actually raise the waiver argument. And if he or she does not do so, this Court may . . . choose not to raise and address the argument on its own.”). Given that the Tyra plaintiff has not briefed whether the Tyra defendants sufficiently pleaded their affirmative defenses, nor the relevance of this in light of Auslander, we need not address these issues and we will not do so here because plaintiffs abandonment of these issues has left us ill-equipped to address the merits of these issues. See Wayne Co Employees Retirement Sys v Wayne Charter Co, 497 Mich 36, 41; 859 NW2d 678 (2014) (stating that “[t]he county’s abandonment of the issue on appeal. . . has left us ill equipped to address the merits” of the issue).[14]
*90 C. ZWIERS OVERRULED
In both Tyra, 497 Mich at 909-910, and Furr, 497 Mich at 910, this Court directed the parties to address whether Zwiers was overruled by Driver. We hold that Zwiers was so overruled. As discussed earlier in this opinion, Zwiers, 286 Mich App at 49, held that Bush and MCL 600.2301 can be used to save a medical malpractice action that was never commenced before the statute of limitations expired when the complaint was filed before the expiration of the NOI waiting period because “Bush makes it abundantly clear that MCL 600.2301 is applicable to the entire NOI process and any compliance failures under the NOI statute.” (Emphasis added.) However, Driver, 490 Mich at 258 n 68, held that “Bush repeatedly recognized that [an] NOI must be timely filed,”[15] that Bush only held that *91 MCL 600.2301 can be applied “when an NOI fails to meet all of the content requirements under MCL 600.2912b(4),” id. at 252, and that MCL 600.2301 only applies to pending actions or proceedings, id. at 264. Driver and Zwiers are clearly inconsistent with one another, and Driver controls over Zwiers. See People v Mitchell, 428 Mich 364, 369; 408 NW2d 798 (1987) (“An elemental tenet of our jurisprudence, stare decisis, provides that a decision of the majority of justices of this Court is binding upon lower courts.”).
While Zwiers held that Bush altered our holding in Burton,[16] Driver, 490 Mich at 257, expressly held that “[n]othing in Bush altered our holding in Burton.”[17] As *92 already discussed, Burton held that the filing of a complaint before the expiration of the NOI waiting period does not commence an action or toll the running of the period of limitations. Therefore, in the instant cases (as well as in Zwiers), plaintiffs’ filing of their complaints before the expiration of the NOI waiting period did not commence their actions or toll the running of the limitations period. And MCL 600.2301 cannot save plaintiffs’ actions because MCL 600.2301 only applies to pending actions or proceedings and there never were pending actions in these cases. Plaintiffs’ complaints, filed before the NOI waiting period expired, could not commence an action.
In addition, even assuming that a NOI does constitute part of a “proceeding,” as Bush held, and, accordingly, that there were pending proceedings at the time plaintiffs filed their NOIs, the proceedings were no longer pending when the trial courts ruled on defendants’ motions for summary disposition because the limitations periods had expired by that time. “A proceeding cannot be pending if it was time-barred . . . .” Driver, 490 Mich at 254. As a result, MCL 600.2301 is inapplicable.
Moreover, ignoring the defects in these cases would not be “for the furtherance of justice” and would affect defendants’ “substantial rights.” MCL 600.2301. That is, just as in Driver, 490 Mich at 255, “[a]pplying MCL 600.2301 in the present case[s] would deprive [defendants] of [their] statutory right to a timely NOI followed by the appropriate notice waiting period,” and they “would also be denied [their] right to a statute-of-limitations defense.” Therefore, even if MCL 600.2301 *93 was applicable here, it should not be viewed as having been satisfied.
Finally, plaintiffs argue that under MCL 600.5856(a), which states that the statute of limitations is tolled “[a]t the time the complaint is filed,” the running of the limitations periods in these cases was tolled once the complaints were filed, even though the complaints were filed prematurely. However, this argument has been repeatedly rejected by this Court. First, in Scarsella v Pollak, 461 Mich 547, 552; 607 NW2d 711 (2000), we held that a complaint filed without an affidavit of merit does not toll the running of the limitations period because the contrary interpretation “would undo the Legislature’s clear statement that an affidavit of merit ‘shall’ be filed with the complaint.” (Citation omitted.) Later, in Burton, 471 Mich at 747, we held that a complaint filed before the expiration of the notice period does not toll the running of the limitations period. And in Boodt, 481 Mich at 562-564, this argument was rejected when we held that a complaint filed after the filing of a defective NOI does not toll the running of the period of limitations. As Boodt, 481 Mich at 564, explained:
[P]laintiff failed to file a notice of intent that satisfied the requirements of [MCL 600.2912b(4)(e)], and, thus, plaintiff was not yet authorized to file a complaint and an affidavit of merit. Therefore, the filing of the complaint and the affidavit of merit that plaintiff was not yet authorized to file could not possibly have tolled the period of limitations.
Plaintiffs argue that these decisions should be overruled because they are inconsistent with MCL 600.1901, which states that “[a] civil action is commenced by filing a complaint with the court.” This specific argument was addressed in a concurring state *94 ment to this Court’s order denying the plaintiffs motion for rehearing in Boodt v Borgess Med Ctr, 482 Mich 1001 (2008). As was stated:
[M] ore specific statutory provisions control over more general statutory provisions, and thus the specific requirements of [MCL 600.2912b(l)] regarding “commencing] an action alleging medical malpractice” prevail over the general requirements of MCL 600.1901 regarding the commencing of civil actions. [Boodt, 482 Mich at 1002 (MARKMAN, J., concurring) (third alteration in original).]
Although a civil action is generally commenced by filing a complaint, a medical malpractice action can only be commenced by filing a timely NOI and then filing a complaint and an affidavit of merit after the applicable notice period has expired, but before the period of limitations has expired. Because plaintiffs did not wait until the applicable notice period expired before they filed their complaints and affidavits of merit, they did not commence actions against defendants. Because the statute of limitations has since expired, plaintiffs’ complaints must be dismissed with prejudice.
rv. CONCLUSION
For these reasons, we reverse the Court of Appeals in part in both cases. In Tyra, we reinstate the trial court’s order granting defendants’ motion for summary disposition, and in Furr, we remand to the trial court for entry of an order granting defendants’ motion for summary disposition.
YOUNG, C.J., and Kelly, and Zahra, JJ., concurred with MARKMAN, J.

 Defendants Dillip Samara Pungavan (a nephrologist) and John Doe (believed to be a transplant coordinator) were dismissed from the case. General references in this opinion to the “defendants” in Docket Nos. 148079 and 148087 are to Organ Procurement, Steven Cohn, and William Beaumont Hospital.

 Assuming that plaintiffs complaint did not toll the running of the limitations period, it is undisputed that the period expired on December 8, 2009.

 Plaintiff William Furr sued derivatively for loss of consortium.

 The NOI was dated April 1, 2010, but plaintiffs acknowledge that it was not actually mailed until April 4, 2010.

 Even, assuming that the NOI had been sent on April 1, 2010, it is undisputed that the complaint was filed at least one day prematurely.

 Assuming that plaintiffs complaint did not toll the running of the period of limitations, it is undisputed that the period of limitations expired in October 2010.

 The pertinent period may be shortened to 154 or even 91 days under circumstances not relevant here. See MCL 600.2912b(3) and (8). It is *79 undisputed that the plaintiffs in these two cases filed their complaints before the expiration of the pertinent notice periods.

 MCL 600.2912d(l) provides that the plaintiff in a medical malpractice action “shall file with the complaint an affidavit of merit.. ..” In Scarsella v Pollak, 461 Mich 547, 549-550; 607 NW2d 711 (2000), this Court held that “[u]se of the word ‘shall’ indicates that an affidavit accompanying the complaint is mandatory and imperative,” and therefore "the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit” and “because the complaint without an affidavit was insufficient to commence plaintiffs malpractice action, it did not toll the period of limitation.” (Quotation marks and citation omitted.)

 Although Bush reached a different result than Boodt, Bush did not overrule Boodt. This is explained by the fact that while Bush addressed the proper interpretation of MCL 600.5856, as amended by 2004 PA 87, Boodt involved the proper interpretation of the statute as it existed before it was amended by 2004 PA 87.

 Zwiers, 286 Mich App at 46, stated that “[a]lthough application of Burton alone would require us to affirm the summary dismissal of plaintiffs case, the Court in Burton, as opposed to the case at bar, was not presented with an argument under MCL 600.2301,” and “[g]iven that Burton did not address MCL 600.2301 and that Bush has shed new light on MCL 600.2301 and its effect on the NOI statute,” “[w]e cannot blindly follow Burton if MCL 600.2301 and Bush demand a different outcome.” Zwiers then concluded that MCL 600.2301 and Bush did, in fact, demand a different outcome.

 In Zwiers, on remand, the trial court granted the defendants’ motion for summary disposition, holding that the Supreme Court overruled the Court of Appeal’s decision in Zwiers. The Court of Appeals reversed the trial court and held that “[t]he analysis engaged in by this Court in Zwiers is still applicable to the factual situation presented in the instant appeal.” Zwiers v Growney, unpublished opinion per curiam of the Court of Appeals, issued June 24, 2014 (Docket No. 312133), p 3. Judge Riordan wrote a concurring opinion in which he stated, “If not for the Furr decision, I would affirm the trial court’s order granting summary disposition in favor of the defendants.” Id. (Riordan, J., concurring), p 1. An application for leave to appeal is currently pending in this Court in Zwiers (Docket No. 149815).

 Adopting Auslander v Chemick, unpublished opinion per curiam of the Corut of Appeals, issued May 1, 2007 (Docket No. 274079) (Jansen, J., dissenting).

 In his opinion concurring in part and dissenting in part, Justice Viviano asserts that “any decision holding that defendants waived the notice-waiting-period affirmative defense would not result in an outcome more favorable to plaintiff than that rendered by the Court of Appeals,” because “[b]oth holdings would result in a remand to the trial court for further proceedings.” We respectfully disagree. The Court of Appeals remanded to afford plaintiff “the opportunity to make an argument in support of amending the filing date of her complaint and affidavit of merit” and to allow the trial court to “exercise its discretion by either granting or denying that amendment pursuant to MCL 600.2301 and Zwiers.” Tyra, 302 Mich App at 227. However, the Court of Appeals recognized that “the applicability of Zwiers to the instant case is unclear,” especially since “plaintiffs prematurity in this case is vastly more egregious than that in Zwiers.” Id. at 225. Therefore, pursuant to the remand of the Court of Appeals, defendants might still have *89 prevailed based on their notice-waiting-period affirmative defense. But if this Court were to hold that defendants waived this defense, defendants would not be able to prevail on this basis. Therefore, a decision holding that defendants waived the defense would, in fact, result in an outcome more favorable to plaintiff than that rendered by the Court of Appeals.

 Although Justice Viviano is correct that our orders granting oral argument on the applications directed the parties to address whether defendants sufficiently pleaded their affirmative defenses “[a]t oral argument,” our orders also stated that “[t]he parties may file supplemental briefs . ...” And while counsel for the plaintiffs filed a supplemental brief in Furr, the same counsel did not file a supplemental brief in Tyra. The issues in these cases are identical except that Tyra additionally involves the sufficieney-of-the-pleading-of-the-affirmative-defense issue. That is, while counsel believed that the substantive merit *90 of the affirmative defense was an issue worthy of a supplemental brief, he did not apparently believe the procedural-pleading issue was similarly worthy. Further, although plaintiffs counsel did raise the latter issue at oral argument, he did not raise the arguments raised in Justice Viviano’s thoughtful analysis. Finally, as Justice VIVIANO recognizes, the decision he would overrule, Auslander, does not seem to be causing “chaos” because “despite [its] purported authorization, defendants continue to follow our court rules and statutes by filing answers and affirmative defenses.” In other words, it seems most defendants recognize that continuing to file sufficiently pleaded affirmative defenses, even if not compelled to do so, remains the most prudent course of action. For all these reasons, we do not believe this is the proper, or necessary, time to consider whether Auslander should be overruled. To make clear, although we possess the authority to address this issue, as we do most other issues before us on appeal, we choose to exercise our discretion not to do so in this case because by failing to file a brief in response to defendants’ applications for leave to appeal, a cross-appeal, a supplemental brief, or even raise in oral argument anything resembling the arguments raised by Justice Viviano, the Tyra plaintiff, in our judgment, has left us ill-equipped to address the issue at this time and there appears to be no particular urgency to address the issue.

 See, for example, Bush, 484 Mich at 161 (“[T]he current statute, [MCL 600.5856(c)], makes clear that the question whether tolling *91 applies is determined by the timeliness of the NOI.”); id. (“[I]f an NOI is timely, the statute of limitations is tolled . .. .”); id. at 169 (“[T]he focus of the new [MCL 600.5856(c)] is unquestionably limited to compliance with the ‘applicable notice period.’ ”); id. (“[I]f a plaintiff complies with the applicable notice period before commencing a medical malpractice action, the statute of limitations is tolled.”); id. at 170 (“[A] plaintiffs NOI must comply only with the applicable notice period.”); id. at 172 (“The plain language of [MCL 600.2912b(l)] mandates that a plaintiff shall not commence an action for medical malpractice without filing a timely NOI.”); id. at 184 (“If a court ultimately determines that the [defendant’s] response is not defective, plaintiffs complaint [if filed 154 days, rather than 182 days after the NOI] may be deemed untimely.”).

 See Zwiers, 286 Mich App at 46, 52 (stating, “We cannot blindly follow Burton if MCL 600.2301 and Bush demand a different outcome,” and concluding that a different outcome was required); id. at 40, 52 (“While Burton, standing alone, would compel us to affirm,” “[p]ursuant to MCL 600.2301 and its interpretation by the Bush Court, we reverse .. ..”) (citation omitted).

 In addition, while Zwiers, 286 Mich App at 51, held that the “defendants’ substantial rights were not implicated or affected, and thus there would be no harm if a court corrected or disregarded the premature filing of the complaint and affidavit of merit,” Driver, 490 Mich at 254-255, held that “[a]pplying MCL 600.2301 in the present case would deprive CCA of its statutory right to a timely NOI followed by the appropriate notice waiting period” and CCA “would also be denied its right to a statute-of-limitations defense,” and thus applying MCL 600.2301 “would not be ‘for the furtherance of justice’ and would affect *92 CCA’s ‘substantial rights.’ ” (Quotation marks and citations omitted.) This is yet smother example of the inconsistencies between Zwiers and Driver.