# STATE OF MICHIGAN

# COURT OF APPEALS

BARBARA ZWIERS,

Plaintiff-Appellee,

v

DR. SEAN GROWNEY and MICHIGAN PAIN
CONSULTANTS, P.C.,

Defendants-Appellants.

UNPUBLISHED
January 14, 2016

No. 312133
Kent Circuit Court
LC No. 08-002009-NO

ON REMAND

Before: MURPHY, C.J., and SHAPIRO and RIORDAN, JJ.

PER CURIAM.

This medical malpractice action returns to us on remand from our Supreme Court. The underlying facts are not disputed and were set forth in this Court's opinion in *Zwiers v Growney*, 286 Mich App 38, 40-41; 778 NW2d 81 (2009) (*Zwiers I*), overruled in *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68; 869 NW2d 213 (2015):

> Plaintiff alleged that she suffered injuries resulting from defendant Dr. Sean Growney's negligent placement of an intrathecal morphine pain pump on September 2, 2005. On August 30, 2007, plaintiff served her N[otice] O[f] I[ntent] on defendants. On February 27, 2008, she filed her complaint and accompanying affidavit of merit. Plaintiff does not dispute that her complaint and affidavit of merit were filed one day too early in contravention of the 182-day notice and waiting period set forth in MCL 600.2912b(1). To be in compliance with MCL 600.2912b(1), the complaint and affidavit needed to be filed on or after February 28, 2008. The period of limitations, tolled by the NOI, MCL 600.5856(c), expired shortly thereafter.

In *Zwiers I*, the trial court granted defendants motion for summary disposition after concluding that the "premature filing of the complaint and affidavit was ineffective to commence the action and that the period of limitations had subsequently expired." *Id*. at 39. We reversed and remanded, holding that plaintiff's lawsuit could be reinstated under the authority of MCL 600.2301. *Id*. at 52-53.

-1-

On remand, the trial court followed *Driver v Naini*, 490 Mich 239; 802 NW2d 311 (2011) and again dismissed plaintiff's action. Plaintiff again appealed to this Court. We determined that the analysis in *Zwiers I* was still applicable and again concluded that the trial court had erred in granting defendants' motion for summary disposition. *Zwiers v Growney*, unpublished opinion per curiam of the Court of Appeals, issued June 24, 2014 (Docket No. 312133), rev'd 498 Mich 190; 870 NW2d 918 (2015) (*Zwiers II*); unpub op at 3. In lieu of granting leave to appeal, the Supreme Court reversed our decision and reinstated the trial court's order granting defendants' motion for summary disposition. The Supreme Court remanded the case to this Court "for consideration of the issues raised by the plaintiff but not addressed by that court during its initial review of this case." *Zwiers*, 498 Mich at 190.

The first issue not addressed by this Court in *Zwiers II* pertains to the applicability of the law of the case doctrine. Specifically, plaintiff asserts that *Driver* was not an intervening change in the law and, therefore, did not overcome the applicability of the law of the case doctrine. We reject this argument given our Supreme Court's decision in *Tyra* where the Court explicitly and definitively held that *Zwiers I* was overruled. *Tyra*, 498 Mich at 90. The term "overrule" is defined to mean: "[T]o overturn or set aside (a precedent) by expressly deciding that it should no longer be controlling law." *Black's Law Dictionary* (10th ed). "Overruling is an act of superior jurisdiction. A precedent overruled is definitely and formally deprived of all authority. It becomes null and void, like a repealed statute, and a new principle is authoritatively substituted for the old." *Black's Law Dictionary* (10th ed), quoting John Salmond, *Jurisprudence* 189 (Glanville L Williams ed, 10th ed, 1947).

As discussed in *Duncan v Michigan*, 300 Mich App 176, 188-189; 832 NW2d 761 (2013):

> Generally, the law of the case doctrine provides that an appellate court's decision will bind a trial court on remand and the appellate court in subsequent appeals. *Where a case is taken on appeal to a higher appellate court, the law of the case announced in the higher appellate court supersedes that set forth in the intermediate appellate court.* [Citations and quotation marks omitted, emphasis added.]

Because the *Tyra* Court specifically overruled *Zwiers I*, finding *Driver* to be the controlling authority and that "MCL 600.2301 only applies to pending actions or proceedings[,]" the law of the case doctrine is not available or applicable to save plaintiff's claim from dismissal due to the expiration of the statute of limitations. *Tyra*, 498 Mich at 91-92.

The second issue raised on appeal by plaintiff, but not addressed by this Court, encompasses plaintiff's claim that the failure to apply MCL 600.2301[1] to cure the procedural

---

[1] MCL 600.2301 provides:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any

deficiency in her NOI violated her right to equal protection. Plaintiff asserts that MCL 600.2301 is applicable to both substantive and procedural errors. As such, the failure to apply the statute with regard to the procedural deficiency of her NOI under MCL 600.2912b(1)[2] placed plaintiff in a "classification" that resulted in the differential treatment of her from individuals afforded relief by MCL 600.2301 to cure a substantive defect in a NOI in accordance with MCL 600.2912b(4).[3] Plaintiff contends there is no rational basis for such a distinction.

Plaintiff's argument on this issue is cursory, conclusive, and lacks any substantial citation to legal authority. It is well-recognized that it is not sufficient for an appellant to "simply announce a position or assert an error and then leave it up to this Court to discovery and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998), quoting *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). "An appellant's failure to properly address the merits of his assertion of error constitutes

---

time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

[2] MCL 600.2912b(1) provides:

Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

[3] MCL 600.2912b(4) provides:

The notice given to a health professional or health facility under this section shall contain a statement of at least all of the following:

(a) The factual basis for the claim.

(b) The applicable standard of practice or care alleged by the claimant.

(c) The manner in which it is claimed that the applicable standard of practice or care was breached by the health professional or health facility.

(d) The alleged action that should have been taken to achieve compliance with the alleged standard of practice or care.

(e) The manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.

(f) The names of all health professionals and health facilities the claimant is notifying under this section in relation to the claim.

abandonment of the issue." *Thompson v Thompson*, 261 Mich App 353, 356; 683 NW2d 250 (2004).

Moreover, plaintiff's underlying premise is faulty because MCL 600.2301 is not applicable to the circumstances of her case. MCL 600.2301 specifically states that it applies only to "any action or proceeding [that] is pending." As the Supreme Court explained in *Tyra*,

> [T]he filing of a complaint before the expiration of the NOI waiting period does not commence an action or toll the running of the period of limitations. Therefore, in the instant cases (as well as in *Zwiers*), plaintiffs' filing of their complaints before the expiration of the NOI waiting period did not commence their actions or toll the running of the limitations period. And MCL 600.2301 cannot save plaintiffs' actions because MCL 600.2301 only applies to pending actions or proceedings and there never were pending actions in these cases. Plaintiffs' complaints, filed before the NOI waiting period expired, could not commence an action.
>
> In addition, even assuming that a NOI does constitute part of a "proceeding," as *Bush* held, and, accordingly, that there were pending proceedings at the time plaintiffs filed their NOIs, the proceedings were no longer pending when the trial courts ruled on defendants' motions for summary disposition because the limitations periods had expired by that time. "A proceeding cannot be pending if it was time-barred. . . ." *Driver*, 490 Mich at 254. As a result, MCL 600.2301 is inapplicable. [*Tyra*, 498 Mich at 92.]

Because plaintiff's action or proceeding was not pending, MCL 600.2301 was not applicable, and, therefore, the failure to use the statutory provision cannot be construed as creating a distinction or classification that violates due process.

As discussed in *Hatcher v State Farm Mut Auto Ins Co*, 269 Mich App 596, 603-604; 712 NW2d 744 (2006):

> Under the rational basis test, we will uphold legislation as long as it is rationally related to a legitimate government interest. In making such a determination, we examine "the purpose with which the legislation was enacted, not its effects." A challenger must show that the amendment is arbitrary and completely unrelated in a rational way to its objective. The Michigan Supreme Court discussed the purpose of a statute of limitations as follows:
>
>> By enacting a statute of limitations, the Legislature determines the reasonable period of time given to a plaintiff to pursue a claim. The policy reasons behind statutes of limitations include: the prompt recovery of damages, penalizing plaintiffs who are not industrious in pursuing claims, security against stale demands, relieving defendants' fear of litigation, prevention of fraudulent claims, and a remedy for general inconveniences resulting from delay.

Conversely, the purpose of a tolling provision is to protect a plaintiff from a statute of limitations defense. [quoting *Gladych v New Family Homes, Inc*, 468 Mich 594, 600; 664 NW2d 705 (2003), (additional citations and quotations omitted).]

Plaintiff cannot demonstrate that failure to apply MCL 600.2301 to circumstances, such as hers, where the applicable limitations period has expired, results in discriminatory treatment simply because the referenced statutory provision would allow for the remedy of content deficiencies in a NOI.

In *Trentadue v Buckler Lawn Sprinkler*, 479 Mich 378, 403-405; 738 NW2d 664 (2007), out Supreme Court explained:

> The general power of the legislature to pass statutes of limitation is not doubted. The time that these statutes shall allow for bringing suits is to be fixed by the legislative judgment, and where the legislature has fairly exercised its discretion, no court is at liberty to review its action, and to annul the law, because in their opinion the legislative power has been unwisely exercised.
>
> Given the Legislature's unquestioned power, the only question we must ask—as with any due process analysis of a statute that involves neither a suspect classification such as race, alienage, ethnicity or national origin, nor a deprivation of a fundamental right—is whether it bears a reasonable relation to a permissible legislative objective. Statutes of limitations serve the permissible legislative objective of relieving defendants of the burden of defending claims brought after the time so established. This Court has also explained that [i]f the Legislature can entirely abrogate a common-law right, surely it may provide that a particular cause of action can no longer arise unless it accrues within a specified period of time. [Citations and quotation marks omitted; alteration in original.]

Therefore, "[i]n light of the permissible legislative objectives of statutes of limitations, the statutes applicable to this case unquestionably further a legitimate legislative aim." *Id*. at 405 (citation omitted). In enacting MCL 600.2301 and MCL 600.2912b, the Legislature evaluated the interests of defendants in restricting the ability of plaintiffs to bring an action and the interests of plaintiffs in protecting their ability to cure certain deficiencies. Because the relevant statutes are rationally related to a legitimate governmental interest, due process is not implicated.

Affirmed.

/s/ William B. Murphy
/s/ Douglas B. Shapiro
/s/ Michael J. Riordan