*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ESTATE OF CONRAD HENRY RADER.

THOMAS BRENNAN FRASER, Personal
Representative of the ESTATE OF CONRAD
HENRY RADER, CYNTHIA WALDMAN, and
KRISTEN HOLSEY,

       Appellees,

v

SHEILA MCCOY and MCCOY, PC,

       Appellants,

and

VICTORIA MCCASEY,

       Other Party.

UNPUBLISHED
October 17, 2025
10:12 AM

No. 370047
Oakland Probate Court
LC No. 2016-374133-DE

Before: FEENEY, P.J., and BORRELLO and BAZZI, JJ.

PER CURIAM.

Conrad Henry Rader ("the decedent") passed away intestate in 2016, leaving two heirs-at-law, Cynthia Waldman and Kristen Holsey, collectively referred to as "the heirs."[1] Following his death, Sheila McCoy, an attorney and cousin of the decedent, assumed the role of personal representative in the probate proceedings. Additionally, Victoria McCasey, the decedent's long-time girlfriend, and friend of McCoy, was charged by the heirs as having unjustly enriched herself at the expense of the decedent's estate. Appellant was slated to participate in a hearing set for February 16, 2024 regarding allegations made by the heirs. However, she opted not to attend,

---

[1] The decedent also left a surviving brother, but he disavowed any claim to the decedent's estate.

resulting in the trial court issuing a judgment against her in her absence. Appellant now contests the outcome of that hearing, and for the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

In 2017, a successful challenge led by Holsey culminated in the removal of appellant McCoy from her role as personal representative. This decision was based on an alleged inappropriate transfer of estate assets to McCasey, which occurred without adequate consideration. While appellant consented to resign, her final accounting was met with significant opposition, particularly regarding a $130,000 disbursement to McCasey, which was ostensibly intended for the enhancement of the decedent's property prior to its sale. Further examination uncovered that appellant had also charged $40,000 in attorney fees and $12,500 in fiduciary fees within her accounting, raising additional concerns about the legitimacy of these expenses.

In 2018, the parties agreed to partially settle the objections to appellant's accounting. The basic structure of the settlement was that when the property was sold, appellant and McCasey would pay damages to the estate only if the new sale price was not at least $130,000 more than the property's value at the time of the decedent's death. The property was approved for sale in 2019 for $325,000. However, various issues raised by McCasey—who has since died—delayed the resolution of damages owed to the estate from the $130,000 disbursed by appellant until an evidentiary hearing was convened in February 2024.

Shortly before the February 16, 2024, hearing was to take place, appellant requested from the probate court that she be able to attend by Zoom. The probate court declined to allow appellant to participate via Zoom, emphasizing the necessity of in-person observation during proceedings that involved scrutinizing appellant's attorney and fiduciary fees. Moreover, the court indicated that it needed to assess evidence concerning the appraised value of the decedent's estate as of the date of death. The court determined that appellant's stated reason for her absence—her inability to drive due to a medical condition—was insufficient to justify her non-appearance, particularly given her potential to organize alternative transportation. Appellant chose not to appear at the February 16, 2024, hearing. Accordingly, the probate court heard no evidence or arguments from appellant at that hearing before the court decided on the amount of damages appellant owed to the estate.

Subsequent to the hearing, the probate court assessed that appellant was liable for $103,000. This amount represents the discrepancy between the $130,000 allocated to McCasey for repairs to the decedent's home versus the actual proceeds the estate received from the sale of the home. Furthermore, the court determined that the appellant engaged in the improper conversion of a $4,000 check drawn from the decedent's account post-mortem, thereby entitling the estate to an additional $8,000 in damages. In addition, the court mandated the disgorgement of $60,500 in fees claimed by appellant. On February 22, 2024, the probate court formalized its findings and conclusions in an order, which appellant has now appealed as a matter of right.

## II. ANALYSIS

At the heart of this appeal lies a long-standing legal doctrine: a party is required to present an issue at the trial court level to preserve it for consideration by an appellate court. *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008). The failure to raise an issue waives appellate review, but this Court has inherent authority to review an issue to prevent a miscarriage of justice. *Id*.

> The principal rationale for the rule is based in the nature of the adversarial process and judicial efficiency. By limiting appellate review to those issues raised and argued in the trial court, and holding all other issues waived, appellate courts require litigants to raise and frame their arguments at a time when their opponents may respond to them factually. This practice also avoids the untenable result of permitting an unsuccessful litigant to prevail by avoiding its tactical decisions that proved unsuccessful. Generally, a party may not remain silent in the trial court, only to prevail on an issue that was not called to the trial court's attention. Trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute. [*Id*. at 388.]

See also *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289-294; 14 NW3d 472 (2023).

Here, appellant's decision to forgo her scheduled court appearance to dispute the damages asserted by the estate constituted a waiver of her right to appeal the findings of the probate court. Even if there were a willingness by this Court, which there is not, to scrutinize the probate court's determinations and rulings from the February 2024 hearing, appellant has failed to provide any substantial rationale demonstrating that the probate court's actions were erroneous. To the extent that appellant challenges the probate court's decision to award the estate damages, her arguments are considered waived for appellate review for her failure to appear to oppose the successor personal representative's arguments and evidence at the February 16, 2024 evidentiary hearing. *Walters*, 481 Mich at 387.

Similarly, in Issue I of her brief, appellant contends that the heirs presented various affidavits from the decedent's neighbors, all of which she argues should have been deemed inadmissible. However, appellant does not offer a cogent legal basis to support her claim that the probate court erred in admitting this evidence. Additionally, appellant appears to challenge the claim that she improperly disbursed estate funds, either to herself or to McCasey. These contentions seem to pertain to the parties' 2018 settlement agreement, in which appellant recognized her potential joint and several liabilities alongside McCasey for disbursements made for work that was either not performed or did not serve the interests of the estate. However, the February 2024 hearing was focused *exclusively* on assessing the damages allegedly caused by and fees claimed by appellant. Appellant's decision not to attend the February 16, 2024 hearing coupled with her inability to make a cogent argument in her brief, precludes us from assessing the substantive merits of this issue. *Tyra v. Organ Procurement Agency of Mich*, 498 Mich 68, 89; 869 NW2d 213 (2015). Furthermore, it is not within the purview of this Court to elucidate or refine the foundations of her claims, nor to analyze or extend her arguments, or to seek supporting legal authority on her behalf. *Innovation Ventures v. Liquid Mfg*, 499 Mich 491, 518; 885 NW2d 861 (2016). Consequently, this issue is deemed abandoned. *Id*. at 519.

In addressing Issue II in her brief, appellant reiterates arguments pertaining to matters resolved prior to the February 2024 hearing. Crucially, even if appellant disputes the probate court's determinations regarding damages associated with the decedent's home, she has failed to articulate a legal rationale to substantiate her claim that the probate court's findings contain errors. In sum, appellant's assertions set forth in her brief lack a legal foundation for relief. *Innovation Ventures*, 499 Mich at 518. Again, appellant's inadequate engagement with the substantive merits of the probate court's ruling thwarts our ability to decide this issue. *Tyra*, 498 Mich at 89. Consequently, this issue has been abandoned. *Innovation Ventures*, 499 Mich at 519.

In Issue III of her brief, appellant contends that she was denied her right to testify and confront her accusers. However, it was appellant who opted not to attend the evidentiary hearing. Furthermore, there was no motion filed to adjourn the hearing, and the record makes clear that appellant's prior request to participate via Zoom was rightfully denied due to the necessity of her physical presence for matters related to credibility assessment.[2] Consistent with our earlier reasoning, this argument is also deemed waived on appeal. Specifically, we conclude that appellant's failure to personally appear precludes her from claiming any error on the part of the probate court. *Tyra*, 498 Mich at 89.

Appellant further adds that she was denied the right to a jury trial. However, appellant has not explained why she was entitled to a jury trial in this matter by supporting her argument with proper authority. Again, it is not for this Court to search for support for a party's argument. *Innovation Ventures*, 499 Mich at 518. Appellant's failure to properly support her argument on the merits of this part of her issue again leaves us ill-equipped to address the merits of the issue. *Tyra*, 498 Mich at 89. For this reason, this part of the issue has also been abandoned. *Innovation Ventures*, 499 Mich at 519.

While much of the discussion in appellant's argument for this issue merely involves a recitation of facts related to the history of this case, appellant does make a reference to the appraisal value of the decedent's home at the time of his death. To the extent that reference can be interpreted as an argument on why the probate court erred in finding that the appraisal value was higher at the time the decedent died, that argument again is waived because appellant opted not to appear at the February 16, 2024 evidentiary hearing to present her evidence and arguments to the probate court. *Walters*, 481 Mich at 387-388.

Appellant has also raised the issue of her right to an award of attorney and fiduciary fees in her brief. In the probate court's order of February 22, 2024, it disgorged appellant of any fees she initially charged:

> As to Ms. McCoy[']s attorney and fiduciary fees, the court orders that she
> and McCoy PC shall disgorge all attorney and fiduciary fees, in full ($52,500) to

---

[2] Appellant engaged in similar conduct before this Court. Though appellant requested oral argument, she filed a very late request with this Court to attend via Zoom. Due to the tardiness of appellant's request, the panel decided to allow appellant to attend remotely, but her tardiness in her Zoom request caused appellant to have waived her remote oral argument.

the Estate of Conrad Rader, as she has failed to meet her burden of proof and did not comply with MCR 5.313. This amount includes the $4,000 check addressed below.

The court further orders that the $4,000 check that Ms. McCoy accepted and deposited was in violation of MCR 5.313, and, for the reasons stated on the record, Ms. McCoy has converted $4,000. This amount is trebled and results in damages of $12,000 pursuant to MCL 600.2919a, including statutory interest from 12-1-16.

Appellant concedes that she had the burden of proving her right to charge attorney and fiduciary fees for her work for the estate. See *Petterman v Haverhill Farms, Inc*, 125 Mich App 30, 33; 335 NW2d 710 (1983). The probate court determined that appellant was not entitled to receive attorney or fiduciary fees for her work on behalf of the estate. In fact, the probate court properly found that because appellant converted part of the payment she claimed, she was liable for additional damages. Once again, because appellant opted not to appear at the evidentiary hearing on February 16, 2024, she waived her right to challenge the testimony offered at that time and she cannot now claim that the probate court erred with regard to its findings. *Walters*, 481 Mich at 387-388.

While the estate has requested in its appellate brief that it be awarded sanctions for what it characterizes as "this frivolous appeal," we note that a request for sanctions must be filed in a motion brought under MCR 7.211(C)(8), within 21 days of the opinion that disposes of the matter. See *Barrow v Detroit Election Comm*, 305 Mich App 649, 683-684; 854 NW2d 489 (2014). We therefore deny the request for sanctions without prejudice.

Affirmed. Appellees having prevailed may tax costs. MCR 7.219.

/s/ Kathleen A. Feeney
/s/ Stephen L. Borrello
/s/ Mariam S. Bazzi